Orma Gale MOORE, Plaintiff-Appellant,

v.

UNITED SERVICES AUTOMOBILE ASSOCIATION, et al., Defendants-Appellees.

Orma Gale MOORE, Plaintiff-Appellee,

v.

UNITED SERVICES AUTOMOBILE ASSOCIATION, Defendant-Appellant.

Nos. 86–4477, 86–4688.

United States Court of Appeals, Fifth Circuit.

June 11, 1987.

C.R. McRae, Margaret P. Ellis, Pascagoula, Miss., for Moore.

Leslie Scott Sheffield, Bryan, Nelson, Allen, Schroeder & Cobb, Biloxi, Miss., for U.S. Auto. Ass'n.

Before CLARK, Chief Judge, POLITZ, and HIGGINBOTHAM, Circuit Judges.

CLARK, Chief Judge:

The determinative issue presented by this appeal is whether a third party's claim against an insurer for bad faith refusal to settle is separate and independent from a claim against the insured for damages resulting from an automobile accident. We hold that the district court erred in holding it was and reverse.

I.

On January 27, 1979, a van driven by Francis Shine struck the rear of a tractor-trailer rig. The truck was stopped on the highway because an uninsured motorist had collided with a bridge and was blocking the roadway. Shine was killed in the crash and Orma Moore, a passenger in Shine's van, was injured. The accident occurred in George County, Mississippi. Both Shine and Moore were residents of Florida. United Services Automobile Association (USAA), a Texas corporation with its principal place of business in Texas, had issued to Shine a policy of insurance on the van which was in force at the time of the accident. Moore filed suit against USAA on May 30, 1984, in United States district

court in Mississippi.[1] The suit sought recovery under the liability and uninsured motorist provisions of Shine's policy, as well as punitive damages for alleged bad faith and fraud on the part of USAA. The district court granted summary judgment for USAA and this court recently affirmed. *Moore v. United Serv. Auto. Ass'n*, 808 F.2d 1147 (5th Cir.1987).

On January 22, 1985, Moore filed another lawsuit in Mississippi state court against Bobbye C. Shine, administratrix of Francis Shine's estate, and USAA. Moore asserted Shine's negligence caused the accident and again alleged a bad faith claim against USAA. USAA removed the case to federal court under 28 U.S.C. § 1441(c), characterizing Moore's bad faith claim as separate and independent from the claim of liability for the accident. The district court held that the statute of limitations had run on the claim against the estate. The court then ruled that removal was proper and granted summary judgment for USAA on the bad faith claim on res judicata grounds. Moore's appeal from these adjudications is the subject of cause No. 86–4477.

After Moore filed his notice of appeal, USAA sought sanctions under Rule 11 for Moore's action in resisting summary judgment on the bad faith claim. The district court denied the motion. The court reasoned that the filing of the notice of appeal deprived it of jurisdiction to impose sanctions. USAA appeals in No. 86–4688. The appeals were consolidated for consideration and decision.

## II.

The threshold issue in this appeal is whether removal was proper. We hold that it was not. Therefore, we do not reach any of the parties' other contentions. USAA removed the case under 28 U.S.C. § 1441(c), which provides as follows:

Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire

case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

In seeking remand, Moore argued that there was no diversity of citizenship between him and USAA and that the bad faith claim against USAA was not separate and independent from the negligence claim against Shine's estate. Although Moore and USAA clearly are diverse, the bad faith claim is not separate and independent.

### A.

Moore's first argument is that he and USAA were not diverse because he was a resident of Florida and USAA should be deemed a resident of Florida because its insured, Shine, was a Florida resident. Therefore, the bad faith claim would not be "removable if sued upon alone" as required by section 1441(c). This argument is meritless. Moore evidently relies on 28 U.S.C. § 1332(c), which provides "[t]hat in any direct action against the insurer of a policy or contract of liability insurance, ... to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen." This statute obviously does not apply to the present case because Shine's estate is joined as a defendant. In addition, Mississippi does not allow direct actions against insurers. *Moore*, 808 F.2d at 1154. Thus the citizenship of Moore, a Florida resident, is diverse from USAA, a Texas corporation.

### B.

Moore also argues that the bad faith claim is not a separate and independent claim. Apparently no courts of appeals have yet addressed this issue. District courts are divided, with the majority holding that a bad faith claim is not separate and independent. *Compare McClain v. United States Fidelity & Guar. Co.*, 634 F.Supp. 552, 555–56 (S.D.Miss.1986) (hold-

1. For a more detailed summary of the background facts and all prior litigation, see *Moore* *v. United Serv. Auto. Ass'n*, 808 F.2d 1147, 1149–50 (5th Cir.1987).

ing not separate and independent); *Johnson v. Allstate Ins. Co.*, 633 F.Supp. 43, 44–45 (S.D.Ala.1986) (same); *Bull v. Greenwood*, 610 F.Supp. 874, 877 (W.D. Ark.1985) (same); *Smith v. General Motors Acceptance Corp.*, 324 F.Supp. 105, 107 (W.D.Mo.1970) (same) *with Bailey v. Scholler*, 630 F.Supp. 337, 339 (D.Mont. 1986) (holding separate and independent); *Mitchell v. Southern Farm Bureau Casualty Ins. Co.*, 192 F.Supp. 819, 824 (W.D. Ark.1961) (same).

The district court in the present case found the bad faith claim to be separate and independent for three reasons. First, the alleged wrongs are different. The suit against Shine's estate asserted negligence while the suit against USAA asserted a bad faith refusal to abide by a contractual commitment. Second, the facts underlying the two claims are substantially different: the negligence suit is based on the automobile accident while the bad faith suit is based on alleged mishandling of the resulting claim. Third, the legal duties breached were distinct. The elements of a negligence cause of action under Mississippi law do not overlap with the elements of a claim of bad faith refusal to settle. USAA reiterates these arguments on appeal.

The question is close and the answer is not clearly established by precedent. However, such authority as does exist indicates that the bad faith claim is not a separate and independent claim. In 1948, Congress replaced the requirement of a "separable controversy" for removal with the present "separate and independent claim or cause of action" language. 28 U.S.C. § 1441(c); *see* C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 3724, at 358–59 (2d ed. 1985). The Supreme Court examined the significance of the change in *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). In *Finn*, the plaintiff sued two foreign insurance companies and their local agent in state court to recover for a fire loss. The plaintiff and the local agent were both residents of Texas. Both the district court and the court of appeals held that the claims against the insurance companies were separate and independent from

the claim against the local agent. The Supreme Court reversed.

The Court began by noting that an important purpose of Congress' revision of section 1441(c) was to limit the right of removal. *Id.* at 9–10, 71 S.Ct. at 537–38. This requires that we construe the right to remove under section 1441(c) narrowly to effectuate this congressional policy. *Paxton v. Weaver*, 553 F.2d 936, 940–41 (5th Cir.1977). The *Finn* Court followed by setting out the test for a separate and independent cause of action: "[W]here there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." 341 U.S. at 14, 71 S.Ct. at 540. Applying this test the Court held that only a single wrong had been pleaded, "the failure to pay compensation for the loss on the property," *id.* at 14, 71 S.Ct. at 540, and so found that removal was improper. Subsequent lower court cases have refined the requirement of independence to add that a claim is not separate and independent if it is contingent on the other claim. *Snow v. Powell*, 189 F.2d 172, 174 (10th Cir.1951); *Ford Motor Credit Co. v. Aaron-Lincoln Mercury, Inc.*, 563 F.Supp. 1108, 1111 (N.D.Ill.1983); *see Addison v. Gulf Coast Contracting Serv., Inc.*, 744 F.2d 494, 500–01 (5th Cir. 1984).

In applying these standards we look to Moore's complaint, which controls. *Finn*, 341 U.S. at 14, 71 S.Ct. at 540; *Paxton*, 553 F.2d at 938. Moore alleged in his complaint that he was injured by Shine's actions in negligently colliding with the stopped truck. He also alleged USAA breached its duty of good faith and fair dealing by failing to properly investigate his claim and by denying his claim without an arguable reason. On the basis of the same facts, Moore also sought recovery on theories of fraudulent misrepresentation, breach of fiduciary duty, and intentional infliction of emotional distress against USAA.

The bad faith claim is not separate and independent from the negligence claim for

purposes of section 1441(c). *Finn*'s underlying policy of restricting removability controls the resolution of this close issue. The *Finn* test requires the plaintiff to have suffered more than one "legal wrong" for claims to be separate. The single wrong in *Finn* was the failure to pay compensation for a loss. Similarly, here, there was only one legal wrong: the failure to pay compensation for injuries suffered by Moore in an automobile accident. Bad faith by USAA in failing to compensate Moore is not a separate legal wrong. The bad faith claim merely alleges heightened culpability by USAA in committing the single legal wrong of failing to compensate Moore. Under *Finn*, the bad faith claim does not allege a separate cause of action. Similarly, the other legal theories for recovery against USAA—fraudulent misrepresentation, breach of fiduciary duty, and intentional infliction of emotional distress—do not assert separate legal wrongs from the bad faith claim.

Even if the bad faith claim were separate, it is not independent. Federal law defines whether a claim is separate and independent. Thus, the Mississippi Supreme Court's characterization in another context of a bad faith claim as "separate and independent" of a claim on an insurance contract is in no way binding on this court in determining removability. *See Weems v. American Security Ins. Co.*, 486 So.2d 1222, 1226 (Miss.1986) (holding that remand of policy claim in prior appeal did not require retrial of unchallenged dismissal of bad faith claim). State law determines the nature of the rights involved. *Paxton*, 553 F.2d at 940. The district court relied on Mississippi law in holding the bad faith claim to be separate and independent. On appeal in the previous case, however, this court held that Florida law governed the lawsuit and analyzed Moore's bad faith claim under both Florida and Mississippi law. *Moore*, 808 F.2d at 1151, 1154. We would reach the same result in the present case applying Florida law. *See Fidelity & Casualty Co. v. Cope*, 462 So.2d 459, 460 (Fla.1985) (essence of bad faith insurance suit is bad faith resulting in excess judgment against insured). Since the district court did, we too will use Mississippi law in our analysis.

To establish bad faith in Mississippi, the plaintiff must show (1) the insurer had no arguable basis to deny the claim and (2) the insurer acted with either malice or gross negligence. *Moore*, 808 F.2d at 1154 n. 10; *see Aetna Casualty & Surety Co. v. Day*, 487 So.2d 830, 832 (Miss.1986). If nonliability under the policy can be established at trial, the insurer clearly had an arguable basis to deny coverage. Indeed, in most circumstances plaintiff's failure to obtain a directed verdict on policy liability bars submission of a bad faith claim to the jury. *Blue Cross & Blue Shield v. Campbell*, 466 So.2d 833, 843 (Miss.1984) (on denial of rehearing). This dependence of the bad faith claim on establishing liability under the insurance policy precludes treating the claims as separate and independent.

Finally, USAA asks us to consider the timeliness of Moore's challenge to removal. Moore first moved to remand only after the district court held the claim against the estate barred by the statute of limitations and USAA moved for summary judgment on the bad faith claim. This consideration is irrelevant. A party does not waive the lack of subject matter jurisdiction by failing to raise it earlier in the proceedings. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982); *Finn*, 341 U.S. at 17–18, 71 S.Ct. at 541–42. Because the bad faith claim is not a separate and independent claim, removal was improper regardless of when jurisdiction was challenged.

We emphasize that our analysis is solely based on the separateness and independence of the claims asserted. We neither make nor intimate any view of the validity of any claim advanced by Moore or any defense of USAA. There was no jurisdiction to adjudicate in the district court and therefore there is none to review in this court.

We reverse the judgments of the district court appealed in causes 86–4477 and 86–4688 and remand with directions to vacate

all of these judgments and remand the action to the state court.

REVERSED and REMANDED.