**Raju MURJANI**

v.

**ALLSTATE INSURANCE COMPANY, American Airlines, Inc.**

**Civ. A. No. 87–1008–A.**

United States District Court, M.D. Louisiana.

Feb. 17, 1988.

Michael A. Grace, Comeaux & Grace, Baton Rouge, La., for plaintiff.

Miles P. Clements, Lemle, Kelleher, Kohlmeyer, Dennery, Hunley, Moss & Frilot, New Orleans, La., for Allstate Ins. Co.

John W. Perry, Mathews, Atkinson, Guglielmo, Marks & Day, Baton Rouge, La., for American Airlines, Inc.

JOHN V. PARKER, Chief Judge.

This matter is before the court for a determination of subject matter jurisdiction, the issue having been raised sua sponte by the court on January 14, 1988. Because the court determines that there is no removal jurisdiction in this case, the court cannot act upon the motion of American Airlines to dismiss the third party demand against it.

Plaintiff instituted this action in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana, alleging that his luggage was lost on March 16, 1986, while he was traveling aboard an American Airlines aircraft. Plaintiff sought damages and attorney's fees from Allstate Insurance Company alleging that it had issued an insurance policy to plaintiff covering the loss of his luggage.

On September 10, 1987, Allstate filed an answer denying plaintiff's claims except to admit the issuance of a policy. On October 12, 1987, Allstate filed a third party demand seeking indemnification from American Airlines apparently on the basis that it would become subrogated to plaintiff's rights if held liable on the main demand. Allstate claims in the third party demand

that plaintiff's luggage was lost due to the negligence or fault of American Airlines.

On November 17, 1987, American Airlines, the third party defendant, filed a removal petition alleging that the court had diversity jurisdiction due to the complete diversity of citizenship of all the parties and the amount in controversy exceeding $10,000. 28 U.S.C. § 1332. American further alleged federal question jurisdiction over the third party demand since this was "necessarily governed by the Warsaw Convention."[1]

On December 4, 1987, American Airlines filed a motion to dismiss the third party demand for failure to state a claim. Upon reviewing this matter, the court noticed the potential jurisdictional issue relating to the removal by the third party defendant and granted the parties an opportunity to brief the issue. About that same time, plaintiff was granted leave of court to amend his complaint to join American Airlines as a defendant.

In response to the court's invitation, American Airlines reasserts its position that there is diversity jurisdiction over this matter. American Airlines further argues that the defect caused by the third party-defendant removal has been cured now that it has been joined by plaintiff as a defendant. The other parties have failed to respond.

We begin with the fundamental proposition that a federal district court is a court of limited jurisdiction which can be expanded neither by the court nor the parties; the court is duty bound to notice *sua sponte* the absence of jurisdiction. See, e.g. *Smith v. City of Picayune*, 795 F.2d 482 (5th Cir.1986).

Initially, the court disagrees with American's contention that any defect in removal is now immaterial since plaintiff was later granted leave to amend to join the airline as a defendant. This argument puts the cart before the horse. The right to remove is generally determined by the pleadings as they stand when the removal petition is filed. *Smith v. City of Picayune*, 795 F.2d 482 (5th Cir.1986).[2] If the court lacked jurisdiction at that time, the order allowing plaintiff to amend was improvidently entered. Furthermore, even if American Airlines had been joined as a defendant at the time of removal, Allstate's failure to timely remove would normally preclude subsequent removal by American. See *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir.1986).[3] Therefore, the determination of removability must be based upon the pleadings filed at the time of removal, which clearly reflect that this action was removed by a third party defendant.

The view expressed by the Fifth Circuit, which binds this court, is that a third party defendant may remove under 28 U.S.C. § 1441(c), "[i]f the third party complaint states a separate and independent claim which if sued upon alone could have been brought properly in federal court". See also, *Carl Heck Engineers, Inc. v. La-Fourche Parish Police Jury*, 622 F.2d 133, 136 (5th Cir.1980); *Marsh Investment Corp. v. Langford*, 652 F.2d 583 (5th Cir. 1981), cert. denied 454 U.S. 1163, 102 S.Ct. 1037, 71 L.Ed.2d 319 (1982); But cf. *Tindle v. Ledbetter*, 627 F.Supp. 406, 407 n. 4 (M.D.La.1986) (questioning the continued viability of this view).

The parties having declined the court's invitation to address this specific issue, the court finds that this matter was not properly removed since the claim

---

1. It is unnecessary to decide whether this is a claim of federal question jurisdiction under 28 U.S.C. § 1331 or is merely a defense predicated upon federal law which does not fall within removal jurisdiction, see, e.g. *Pan American Corp. v. Superior Court of Del.*, 366 U.S. 656, 81 S.Ct. 1303, 6 L.Ed.2d 584 (1961), because in either event the claim against American is not a separate and independent claim. See text, infra.

2. As indicated in *Smith*, a different result might be reached if this matter had not been noticed at this preliminary stage of the proceedings.

3. Since plaintiff chose to file this suit in state court, the court assumes that plaintiff would object to Allstate's untimely removal. Consequently, Allstate would be unable to join in American's subsequent removal petition as required by the "unanimity rule." See *Brown*, supra, 792 F.2d at p. 481.

against American Airlines was not a "separate and independent" claim within the meaning of 28 U.S.C. § 1441(c). Unlike the third party claims for indemnity in the *Carl Heck* and *Marsh* cases, the third party claim in this case is not "separate" from the main demand since it involves the same issues regarding who caused plaintiff's alleged loss. Allstate seeks by way of subrogation to assert plaintiff's claims against the airline; American is not a "fault free" entity. See *Conn. Sav. Bank v. Savers Federal Sav. & Loan,* 670 F.Supp. 1549, 1551 (S.D.Fla.1987).

Moreover, cases subsequent to *Carl Heck* and *Marsh* have refined the requirement of "independent" to teach that a claim is not independent if it is contingent on the other claim. See *Moore v. United Services Auto. Ass'n,* 819 F.2d 101, 103–104 (5th Cir.1987). There is no doubt that the third party demand in this case is dependent upon liability upon the main demand.

Accordingly, the court determines that this matter was improvidently removed and this action will be remanded to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana.