Orene G. DAVIS, Plaintiff,

v.

LIFE INSURANCE COMPANY OF MISSISSIPPI, Defendant/Third–Party Plaintiff,

v.

The AMERICAN BANKERS LIFE ASSURANCE COMPANY OF FLORIDA, Third–Party Defendant.

No. EC88–237–S–D.

United States District Court, N.D. Mississippi, E.D.

Nov. 29, 1988.

William C. Walker, Jr., Oxford, Miss., Kenneth M. Burns, Okolona, Miss., for plaintiff.

Earl Keyes, Keyes, Moss, Piazza & Woods, W. Wayne Drinkwater, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, Miss., for defendant/third-party plaintiff.

## OPINION

SENTER, Chief Judge.

This "bad faith" case was removed from state court by the third-party defendant, American Bankers Life. The matter is presently before the court for consideration of the plaintiff's motion to remand.

### Procedural Background

Plaintiff, a resident citizen of Mississippi, filed suit against Life Insurance Company of Mississippi, a corporation organized under the laws of the State of Mississippi whose principal place of business is in Mississippi. Suit was filed in the Circuit Court of Chickasaw County, Mississippi, seeking the proceeds of a life insurance policy and punitive damages for the bad faith refusal to pay those proceeds over to the plaintiff. In August, 1988, Life Insurance Company of Mississippi filed a third-party complaint against American Bankers, asserting American's liability for any judgment which might be rendered against Life Insurance Company of Mississippi. The basis of this alleged liability was a reassurance agreement between the two insurance companies. Summons and complaint were served on American on August 9, 1988. On September 7, 1988, American filed its petition to remove the entire case to this court pursuant to the provisions of 28 U.S.C.A. § 1441(c).

### Was Removal Proper?

■ Section 1441(c) provides:

Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

Section 1441(c) removal of an entire case by a third-party defendant has been met with a wide range of responses in the district courts around the country. A majority of those courts has held that removal by a third-party defendant is improper. Many of the courts which refuse to allow such removal base the denial of jurisdiction on a reading of the word defendant in § 1441 to mean only those who are defendants in relation to the original plaintiff. *See*, e.g., *Share v. Sears, Roebuck & Co.*, 550 F.Supp. 1107 (E.D.Pa.1982). In many of these cases, the court relied upon Professor Moore's statement that "the reference in the general removal statute, § 1441, is only to *plaintiff's* defendants and does not include such defendants as third-party defendants, cross-claim defendants, and other parties that are not defending a claim asserted against them by the plaintiff." 1A Moore, Federal Practice ¶ 0.163[4.–6] (2d ed. 1987). Professor Moore's actual argument was that § 1441(c) allowed only removal of otherwise removable separate and independent claims which were *joined* with nonremovable claims. Joinder of claims is an activity engaged in by plaintiffs. A third-party complaint is not the joinder of an additional claim and is, therefore, not

removable. This view has been adopted by many of the district courts. *See, e.g., Shaver v. Arkansas–Best Freight System, Inc.,* 171 F.Supp. 754 (W.D.Ark.1959).

However, many district courts have allowed removal by third-party defendants under § 1441(c). An excellent discussion of the propriety of third-party removal is contained in *Ford Motor Credit Co. v. Aaron–Lincoln Mercury, Inc.,* 563 F.Supp. 1108 (N.D.Ill.1983). There, the court said:

> Construing § 1441(c) to include only claims joined by the plaintiff inserts qualifying language into the statute not placed there by Congress. A separate and independent claim against a third party defendant placed into a single lawsuit with the claims brought by the original plaintiff is as much "joined" to those claims as any other type of claim, and may be removed under § 1441(c).

*Id.* at 1112. The view that a third-party defendant can remove cases to the district courts was adopted by the United States Court of Appeals for the Fifth Circuit in *Carl Heck Engineers v. LaFourche Parish Police Jury,* 622 F.2d 133 (5th Cir.1980). Once the threshold question of whether a third-party defendant may ever remove a case pursuant to § 1441(c) has been answered in the affirmative, the court is faced with the even more perplexing question of whether the third-party claim is a separate and independent one. The difficulties courts have encountered in attempting to resolve this question have caused one jurist to declare that "it is not an exaggeration to say that at least on the surface the field luxuriates in a riotous uncertainty." *Harper v. Sonnabend,* 182 F.Supp. 594, 595 (S.D.N.Y.1960) (as quoted in 14A Wright, Miller & Cooper, Federal Practice and Procedure § 3724 (2d ed. 1985). The Supreme Court had attempted to remove some of this uncertainty in *American Fire & Casualty Insurance Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1950), where it was determined that "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." *Id.* at 14, 71 S.Ct. at 540. Following *Finn,* lower courts "have refined the requirement of independence to add that a claim is not separate and independent if it is contingent on the other claim." *Moore v. United Services Auto Ass'n,* 819 F.2d 101 (5th Cir.1987). *Moore* involved a state court negligence action by an injured passenger against the driver of the van in which the plaintiff was riding. The plaintiff joined a claim against the driver's auto liability carrier for bad faith refusal to pay for treatment of plaintiff's injuries. Plaintiff and driver were both citizens of Florida. The nondiverse insurer sought to remove the case to federal court. The district court asserted jurisdiction. On appeal, the Fifth Circuit held that the bad faith claim depended on the plaintiff's proving that the insurer was liable under the policy, which in turn was contingent on her prevailing on her negligence claim against the nondiverse defendant. The dependence prevented "treating the claim as separate and independent." *Id.* at 104.

If *Moore* were the only case on this point from the Fifth Circuit, application of its contingency rule to the present case would be fairly simple. The third-party complaint alleges that American Bankers is liable to Life Insurance Company of Mississippi for all of the plaintiff's claim against Life Insurance Company of Mississippi by virtue of the reinsurance agreement between American Bankers and Life Insurance Company of Mississippi. Clearly this indemnity claim is contingent upon Life Insurance Company of Mississippi's liability to Ms. Davis. This is the nature of all indemnity claims—the indemnitor is not liable unless the loss he has promised to stand good for is shown to have occurred. In fact, the contingency rule adopted in *Moore* would preclude removal by all third-party defendants who are sued in states with impleader rules similar to Fed.R. Civ.P. 14.[1] Mississippi's Rule 14, which is

---

**1.** Although determination of whether a claim is separate and independent is a matter of federal law, the nature of the claims that may be assert-

identical in pertinent part to the federal rule, provides for the filing of a third-party complaint against "a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." Any claim that fits within this rule obviously would fail the contingency test.

The purpose of the foregoing discussion is to show the logical inconsistency between the position taken by one Fifth Circuit panel in *Moore* and the position taken by another panel of that court in *Carl Heck Engineers v. LaFourche Parish Police Jury*, 622 F.2d 133 (5th Cir.1980). As noted earlier, in the latter case the court expressly held that third-party defendants may remove cases pursuant to § 1441(c). To further confound matters, the *Carl Heck* panel expressly held that "a claim essentially seeking indemnity should be considered separate and independent." Herein lies the dilemma for this court. *Carl Heck* teaches that indemnity actions are to be considered separate and independent and that third-party defendants can remove under § 1441(c) while the contingency test of *Moore* leads inexorably to opposite conclusions. The tension between these two cases has not gone unnoticed in other district courts within the Fifth Circuit's ambit of authority. The plaintiff urges this court to follow the lead of Judge Parker of the Middle District of Louisiana, who has held in remanding a case removed by a third-party defendant that "cases subsequent to *Carl Heck* ... have refined the requirement of 'independent' to teach that a claim is not independent if it is contingent on the other claim." *Murjani v. Allstate Insurance Co.*, 679 F.Supp. 601, 602 (M.D. La.1988) (citing *Moore* ). *Murjani* involved a § 1441(c) removal by a third-party defendant. The plaintiff had filed suit in state court against Allstate to recover for the loss of his insured luggage. The insurer had, in turn, filed a third-party subrogation action against the airlines which was allegedly responsible for the loss. The district court remanded the case as improvidently removed, holding that this subroga-

tion claim was not separate and independent.

The avenue pursued by the court in *Murjani* is appealing, both because it appears to be the proper application of *Moore* and because an order remanding this case as improvidently removed would be insulated from appellate review. 28 U.S.C.A. § 1447(d) (1973); *see also Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 343, 96 S.Ct. 584, 589, 46 L.Ed.2d 542 (1976). However, because *Moore* involves removal by an original defendant while *Carl Heck* involves removal by a third-party defendant who had been sued on an indemnity claim, the latter case is the more directly controlling authority. Moreover, to follow *Moore* in derogation of *Carl Heck* would require this court to treat the *Moore* opinion as if it overturned or modified the rule established in *Carl Heck*. As the Fifth Circuit has stated,

> No rule is more firmly settled in our circuit than that "no panel ... can overrule a decision previously made by another." [Citation omitted.] A necessary corollary of that rule, and one equally as firmly established, is that should a later panel render a decision conflicting with that of an earlier one, it is the earlier decision which is to be followed and not the later.

*Johnson v. Moral*, 843 F.2d 846, 847 (5th Cir.1988).

In short, this court feels compelled to follow the direct authority of *Carl Heck* and hold that Life Insurance Company of Mississippi's indemnity action against American Bankers, based on a contract between those two parties, is separate and independent from the plaintiff's claim against Life Insurance Company of Mississippi which is based on the alleged tortious breach of a contract between the plaintiff's decedent and Life Insurance Company of Mississippi.

■ However, the decision that removal of the entire action was proper under § 1441(c) does not necessarily conclude the matter. That section gives the court the

ed as third-party actions is governed, of course, by state procedure.

authority to remand all matters not within its original jurisdiction even where removal is deemed proper. The statute leaves the decision whether to retain jurisdiction or remand those matters which are not within its original jurisdiction to the sound discretion of the district court. In this case, where the basic claim appears to depend upon the interpretation of one contract of insurance and the removable claim depends upon interpretation of a separate contract of reinsurance, very little in the way of judicial economy would be gained by the retention of the entire case in this court. The gain would not be enough to justify depriving the plaintiff of her choice of the forum in which she wished to pursue her claim against Life Insurance Company of Mississippi.

The court is of the opinion that the most appropriate course of action in the present case is to retain jurisdiction over the third-party indemnity claim and to remand the original bad faith claim to the state court from which it was removed.

An appropriate order will be entered.

## ORDER REMANDING ONE CLAIM

This matter is before the court for consideration of the plaintiff's motion to remand. For reasons fully set forth in an accompanying opinion, the court finds that removal in this case was properly taken pursuant to 28 U.S.C.A. § 1441(c), but that the original claim of Orene Davis against Life Insurance Company of Mississippi should be remanded to the state court from which it was removed.

It is, therefore, ORDERED:

That the removal petition of the third-party defendant, American Bankers, is granted to the extent that the court will retain jurisdiction over the third-party claim; and

That the remainder of this cause, being the claim of the original plaintiff, Orene Davis, against the original defendant, Life Insurance Company of Mississippi, is re-

manded to the Circuit Court of the Second Judicial District of Chickasaw County, Mississippi.