**BALDWIN COUNTY EASTERN
SHORE HOSPITAL BOARD,
INC., Plaintiff,**

v.

**Mary Jane WINDHAM, et al.,
Defendants/Third Party
Plaintiffs,**

v.

**BLUE CROSS/BLUE SHIELD OF
ALABAMA, Third Party
Defendants.**

**Civ. A. No. 88–0969–BH–M.**

United States District Court,
S.D. Alabama, S.D.

Feb. 21, 1989.

Byron A. Lassiter, Fairhope, Ala., for plaintiff.

C. Daryl Drinkard, Thomasville, Ala., for defendants/third party plaintiffs.

Bert S. Nettles & Forrest S. Lata, and J. Edward Thornton, Mobile, Ala., for third-party defendants.

MEMORANDUM OPINION [1]

HAND, Senior District Judge.

This cause comes before the Court on plaintiff's motion, filed January 23, 1989, seeking to remand this action as between the plaintiff and the defendants to the Circuit Court of Baldwin County, Alabama. As grounds in support of its motion, plaintiff asserts that the dispute between itself and the defendants does not raise a federal question, as does the third party action.

This action was originally filed in the Circuit Court of Baldwin County, Alabama, and involved a suit on open accounts of the defendants for monies owed to the plaintiff. Subsequently, the defendants filed a third party complaint against Blue Cross/Blue Shield of Alabama ("Blue Cross"), claiming that in the event the defendants are held liable to the plaintiff, then Blue Cross is liable to them (i.e., the defendants). Thereafter, Blue Cross petitioned this Court for removal of the entire action to this Court. As grounds for removal, Blue Cross alleged that the third party claim was based upon the Employee Retirement Income Security Act of 1974 (ERISA), a "federal question" within the original jurisdiction of this Court, 28 U.S.C. § 1331, and was therefore, removable to this Court pursuant to 28 U.S.C. § 1441(b).

The third party complaint alleges a contract claim for nonpayment of medical expenses under an employee welfare benefit health insurance plan. Such a claim is preempted by the Employee Retirement Income Security Act of 1974 (ERISA). 29 U.S.C. § 1001, *et seq.* Therefore, removal of the subject claim would be governed by the aforementioned removal statute. How-

---

**1.** This Memorandum Opinion is issued with consideration of the third party defendant's "Memorandum ... In Response To The Pro-

posed Remand Order," filed February 17, 1989 pursuant to this Court's Order of February 8, 1989.

ever, the Court is concerned as to whether or not such a claim *in a third party action* offers a basis for removal of the entire action, or even the third party action itself. With this question in mind, the Court takes the following into consideration:

The removal of actions from state courts is governed by 28 U.S.C. § 1441, *et seq.*, which states, in pertinent part:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties....

28 U.S.C. § 1441(b). To bring a case within the purview of § 1441(b), a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. *Gully v. First National Bank In Meridian*, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936). Therefore, to determine whether or not a case is in fact removable, and whether or not this Court has subject matter jurisdiction, this Court must examine the face of the plaintiff's state court complaint. *First Federal Savings & Loan Association of Lake Worth v. Brown*, 707 F.2d 1217, 1221 (11th Cir 1983). Upon examination of the face of the plaintiff's state court complaint, the Court can find no element named therein, much less an essential one, which states a claim based on a right or immunity created by the Constitution or laws of the United States.[2] Consequently, this Court lacks subject mat-

ter jurisdiction over plaintiff's claim based on 28 U.S.C. § 1331.

As to the issue of whether or not a third party defendant may cause an action to be removed, the Court notes the following:

1. Courts agree that a third party claim cannot afford a basis for removal unless the "separate and independent claim or cause of action" of § 1441(c) applies;[3]

2. Some courts permit removal under § 1441(c), by a third party defendant, of a separate and independent third party claim which could be removed if sued on alone. This takes the entire action into the federal court. The district court may, however, exercise its discretion and remand all matters not otherwise within its original jurisdiction;[4]

3. Other courts do not permit removal on the basis of a third party claim, although it would have been removable by the defending party if the claim had been sued on alone. These courts limit removal under § 1441(c) to a party defending against claims which have been joined by the plaintiff.

1A *Moore's Federal Practice* ¶ 0.167[10] (2d ed. 1986) (Footnotes added).

The Court is mindful of the Fifth Circuit's holding in *Carl Heck Engineers v. Lafourche Parish Police Jury*, see n. 4, *supra*, where that Court rendered a third party indemnity claim sufficiently separate and independent so as to justify removal. However, that case is distinguishable from the present cause in that in *Heck* liability of the third party defendant, Maryland Casualty Company had already been estab-

---

**2.** The original complaint alleges the following:

Count One

The defendant, MARY JANE WINDHAM, owes Plaintiff on an open account the principle sum of $7,968.35 and accumulated interest of $318.73 for a total of $11,049.44 for which Plaintiff demands judgment and costs.

Count Two

The defendants, MARY JANE WINDHAM and LAWRENCE WINDHAM, owe plaintiff on an open account the principle sum of $7,968.35 and accumulated interest of $318.73 for a total of $8,287.08 for which Plaintiff demands judgment and costs.

**3.** 28 U.S.C. § 1441(c): Whenever a separate and independent claim or cause of action, which

would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

**4.** *See, e.g., Carl Heck Engineers v. Lafourche Parish Police Jury*, 622 F.2d 133, 136 (5th Cir. 1980): ("If the third party complaint states a separate and independent claim which if sued upon alone could have been brought properly in federal court, there should be no bar to removal.")

lished as a result of the default by Donald G. Lambert Contractor, Inc. In this cause, establishment of liability of the third party defendant Blue Cross is dependent upon establishment of liability of the defendants/third party plaintiffs, the Windhams. This Court has held that where recovery upon a claim of liability against one party is dependent upon establishment of liability of another party, then such a claim cannot be said to be separate and independent. *Johnson v. Allstate Insurance Company*, 633 F.Supp. 43, 45 (S.D. Ala.1986); *See also, Moore v. United Services Auto Association*, 819 F.2d 101, 103 (5th Cir.1987) ("... a claim is not separate and independent if it is contingent on [another] claim."). Consequently, the third party claim cannot be regarded as separate and independent.

Furthermore, in some cases where the right to removal has been afforded a third party defendant, such a right was limited to claims between defendants joined by the plaintiff's claim. *Lowe's of Montgomery, Inc. v. Smith*, 432 F.Supp. 1008, 1010 (M.D. Ala.1977). Such is not the case in the immediate cause of action, for Blue Cross' presence in this lawsuit is the result of a claim brought by the defendants, not the plaintiff.

The above premises considered, this Court is of the opinion that it lacks jurisdiction of this cause of action, and that this cause of action was improvidently removed. Therefore, pursuant to 28 U.S.C. § 1447(c), this Court ORDERS that the entire action be REMANDED to the Circuit Court of Baldwin County, Alabama. Furthermore, this Court ORDERS Blue Cross to pay all just costs associated with, and incurred as a result of the removal of this action. *Id.* Finally, the Clerk of this Court is hereby directed to mail a certified copy of this Order to the Clerk of the Circuit Court of Baldwin County, Alabama. *Id.*

It is so ORDERED.