**J.C. BENDER, et al., Plaintiffs,**

v.

**ALFA INSURANCE CORPORATION, Defendant/third party Plaintiff,**

v.

**CRAWFORD & COMPANY, third party Defendant.**

Civ. A. No. E90–0079(L).

United States District Court, S.D. Mississippi, E.D.

Oct. 26, 1990.

---

Thomas Q. Brame, Jr., Marvin Oates, Bay Springs, Miss., for plaintiffs.

Ronnie L. Walton, Meridian, Miss., Anthony L. Thaxton, Laurel, Miss., for Crawford & Co.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of plaintiffs J.C. Bender, Jr., Gloria D. Bender, J.C. Bender III and Kate L. Bender for remand pursuant to 28 U.S.C. § 1447(c). Defendant Alfa Insurance Company (Alfa), the removing party, has responded to the motion and the court has considered the memoranda of authorities together with attachments submitted by the parties. The court concludes that plaintiffs' motion should be granted and this cause remanded to the Circuit Court of the First Judicial District of Jasper County, Mississippi.

In May 1987, following an automobile accident with an uninsured motorist, plaintiffs, Mississippi residents, filed this action in the Jasper County Circuit Court against their automobile insurer, Alfa, a non-resident, charging that Alfa had wrongfully refused to pay benefits under the provisions of the policy and seeking extracontractual compensatory damages and punitive damages alleged to have resulted from Alfa's alleged bad faith refusal to pay and inadequate claim handling and investiga-tion. Plaintiffs also named as a defendant Bill Astin, a Mississippi resident, charging that Astin, an employee of Crawford & Company who adjusted the claim on behalf of Alfa, committed certain tortious conduct in the course of his investigation which had caused Alfa's denial of plaintiffs' claim for benefits. After Alfa removed the case to this court as Civil Action No. E89–0004(L) claiming fraudulent joinder of the resident defendant, this court, by memorandum opinion and order dated August 21, 1989, granted plaintiffs' motion to remand, finding Astin had been properly joined as a defendant. The court, on September 18, 1989, denied Alfa's motion to reconsider. Once the case was back in the state court, Astin moved for summary judgment; the circuit court granted his motion, and Alfa again removed the case to this court as Civil Action No. E90–0011(L). Again, plaintiffs moved to remand and again, this court, in a February 20, 1990 memorandum opinion and order, granted their motion.

In the state court, Alfa was granted leave to file a third-party complaint against Crawford & Company, Astin's employer. The third-party complaint sought indemnity and charged as follows:

> The [plaintiffs'] complaint alleges that the actions of Crawford & Company's employee, Bill Astin, give rise to actual, punitive and extra contractual damages. The Complaint further alleges that defendant Alfa is liable to the plaintiffs for these damages.

> If it is determined in the above referenced litigation that liability exists for actual, punitive or extra contractual damages arising out of the actions of Crawford & Company's employee, Bill Astin, then those damages would be the result of the actions of Crawford & Company, and Crawford & Company would be liable to this defendant for the amount of said actual, punitive and/or extra contractual damages, plus attorneys fees, costs and expenses resulting from the defense of this action.

After the filing of the complaint, Crawford & Company removed the case to this court. As the basis for removal, Crawford & Com-

pany contended that the third-party claim, as to which there is diversity jurisdiction, was "separate and independent" of the main claim and was therefore properly removable under the provisions of 28 U.S.C. § 1441(c).

In support of their motion to remand, plaintiffs first assert that removal was not timely, coming over one year after commencement of the action. *See* 28 U.S.C. § 1446(b) (case may not be removed on basis of diversity jurisdiction more than one year after commencement of the action). They additionally maintain that the third-party claim of Alfa against Crawford & Company is not a "separate and independent claim" under 28 U.S.C. § 1441(c). Pretermitting consideration of the timeliness issue, the court concludes that removal was not proper under section 1441(c). That section provides as follows:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the District Court may determine all issues therein, or, in its discretion, may remand all matters not otherwise in its original jurisdiction.

In *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), the Supreme Court established a test for a separate and independent cause of action:

> [W]here there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c).

*Finn,* 341 U.S. at 14, 71 S.Ct. at 540. The Fifth Circuit expounded on the *Finn* test in *Moore v. United Services Automobile Association,* 819 F.2d 101 (5th Cir.1987): "The *Finn* test requires the plaintiff to have suffered more than one 'legal wrong' for claims to be separate." *Moore,* 819 F.2d at 104. The court also recognized a refinement by a number of courts of *Finn*'s independence requirement: "A

claim is not separate and independent if it is contingent on the other claim." *Id.* (citations omitted). The question presented in *Moore* was whether a third-party claim for insurer bad faith was separate and independent from a claim against the insured for damages resulting from an automobile accident. The court concluded that the third-party claim did not satisfy the "separate and independent" requirement of section 1441(c) since there was only one legal wrong: "the failure to pay compensation for injuries suffered by Moore in an automobile accident." *Id.*

In consonance with the rationale of *Moore,* the conclusion that the third-party claim in this case is not separate and independent is inescapable. Plaintiffs complain that they were denied benefits as a result, *inter alia,* of actions and inaction by Alfa and its agent; Alfa charges in its third-party complaint that its failure to pay benefits to plaintiff was the result of the action and inaction of its agent, Crawford & Company and its employees. As was the case in *Moore,* there is but a single legal wrong to plaintiffs alleged.

This conclusion is in accordance with the Fifth Circuit's decision in *In re Wilson Industries, Inc.,* 886 F.2d 93 (5th Cir.1989), wherein the court held that a claim for indemnity premised not on a separate and independent contractual obligation for indemnity but on an allegation that the third-party defendant "caused" the injury to the plaintiff is not separate and independent for purposes of section 1441(c). The third-party complaint in the case at bar does not aver a contractual basis for indemnity. Rather, it alleges only that the third-party defendant's acts, and not the acts of the defendant/third-party plaintiff, are the true cause of the plaintiffs' injuries.

In the court's opinion, this case was improvidently removed inasmuch as the third-party complaint is not separate and independent of the main claim. Since the third-party complaint was not removable alone, it cannot support removal of the entire case. Remand is, therefore, appropriate.

Accordingly, it is ordered that plaintiffs' motion to remand is granted and the case is

remanded to the Circuit Court of the First Judicial District of Jasper County, Mississippi.