**JEFFERSON PARISH HOSPITAL
DISTRICT # 2**

v.

**Robert HARVEY.**

**Civ. A. No. 91–3971.**

United States District Court,
E.D. Louisiana.

March 2, 1992.

Robert G. Harvey, Sr., Michael P. Giles, Robert Harvey & Associates, New Orleans, La., for defendant/third party plaintiff Robert G. Harvey, Sr.

Terrence K. Knister, Abbott & Meeks, New Orleans, La., for third-party defendant Principal Mut. Life Ins. Co.

---

**1.** · The "well-pleaded complaint" rule is not implicated in this case due to the operation of the preemptive power of ERISA. *See Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 62, 107 S.Ct.

## ORDER AND REASONS

MENTZ, District Judge.

Before the Court is the motion to remand of defendant/third-party plaintiff Robert G. Harvey. For the reasons set out below, the Court finds that the motion is not well taken. Accordingly, this Court denies the motion and retains jurisdiction over the case.

### I. *Facts*

■ Plaintiff Jefferson Parish Hospital District No. 2 began this action by filing its complaint against defendant Mr. Harvey in the 24th Judicial District Court for the Parish of Jefferson. The Hospital alleges that Mr. Harvey unconditionally guaranteed payment of all expenses associated with the hospitalization of Ms. Fay Smith Guillot. When Mr. Harvey failed to pay those expenses, the Hospital brought suit against him on his liability as guarantor.

Mr. Harvey filed a third-party complaint in the state court against the Principal Mutual Life Insurance Company. He claims that Ms. Guillot was entitled to medical coverage under a policy issued by Principal Mutual, and that this coverage would obviate his duty to pay under the guaranty. Principal Mutual removed the state court action to this Court under 28 U.S.C. § 1441(c). In response to Mr. Harvey's motion, Principal Mutual asserts that the cause was properly removed because it includes a separate and independent claim under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1101 *et seq.*

### II. *Law*

· ■ 28 U.S.C. § 1441(c) reads in part: "Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title,[1] is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed...." This removal statute is to be construed narrow-

1542, 1546, 95 L.Ed.2d 55 (1987); *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392–93, 107 S.Ct. 2425, 2429–30, 96 L.Ed.2d 318 (1987).

ly, with doubts resolved in favor of remand to the state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). Moreover, the party opposing remand bears the burden of establishing this Court's jurisdiction over the case at bar. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988), *cert. granted in part,* — U.S. ——, 111 S.Ct. 2824, 115 L.Ed.2d 994 (1991). Accordingly, "[t]he majority of cases have concluded that a third-party defendant or a cross-claim defendant is not entitled to remove the case...." C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure: Civil* § 3724 at 357–59 (2d ed. 1985).[2]

Nonetheless, the Fifth Circuit has spearheaded the emergence of the minority rule that a third-party defendant can remove under 28 U.S.C. § 1441(c) "if the third-party complaint states a separate and independent claim which if sued upon alone could have been brought properly in federal court." *Carl Heck Engrs. v. LaFourche Parish Police Jury*, 622 F.2d 133, 136 (5th Cir.1980).[3] A claim is not separate and independent, however, if it "aris[es] from an interlocked series of transactions...." *American Fire & Cas. Ins. Co. v. Finn*, 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed.

702 (1951). One panel of the Fifth Circuit has interpreted *Finn* and related authority to mean that a contingent claim will not satisfy the removal statute, reasoning that a claim cannot be separate and independent, and therefore removable, if it is contingent upon the establishment of a nonremovable claim. *Moore v. United Servs. Auto Assoc.*, 819 F.2d 101, 103 (5th Cir. 1987). This decision appears to be at odds with *Carl Heck*.[4]

Several opinions issued by courts outside the Fifth Circuit have applied the reasoning of *Moore* in ERISA cases. Those courts have ruled that all claims in a case like the one at bar "relate to the [hospital's] failure to receive compensation for the services it rendered to [its patient]. The [hospital] blames [the patient], who in turn blames [the third-party defendant]. Although the claims may be 'separate' and involve different legal causes of action and different legal wrongs in a narrow sense, all of the claims are interrelated." *Sunny Acres Skilled Nursing v. Williams*, 731 F.Supp. 1323, 1327 (N.D.Ohio 1990).[5]

While these opinions are not without merit, the Court is reluctant to rule in a manner that is arguably at odds with governing Fifth Circuit precedent,[6] and certain-

---

**2.** *Accord* 1A *Moore' Federal Practice* ¶ 0.167[10] (2d ed. 1991).

**3.** *See generally* Note, *Third–Party Removal Under Section 1441(c)*, 52 Fordham L.Rev. 133 (1983) (characterizing the rule of *Carl Heck* as the minority view, and criticizing that view).

**4.** *See* note 6, *infra.* An arguable ground for distinguishing *Carl Heck* is that the third party indemnity claim was sufficiently separate and independent to justify removal only because the liability of the third party defendant had already been established. *Baldwin County E. Shore Hosp. v. Windham*, 706 F.Supp. 38 (S.D.Ala.1989) (ERISA third-party defendant removal case where the court distinguished *Carl Heck* on these grounds and remanded). For the reasons expressed below, however, the Court will not rule on the basis of any such distinction.

**5.** Quoting *University of Chicago Hosp. & Med. Center v. Rivers*, 701 F.Supp. 647, 649 (N.D.Ill. 1988). *Accord Baldwin County E. Shore Hosp. v. Windham*, 706 F.Supp. 38, 40 (S.D.Ala.1989); *Andrews v. Electric Motor Systems, Inc.*, 767 F.Supp. 853, 856 (S.D.Ohio 1991); *Mercy Center*

for Health Care Servs. v. Hansen, 1991 WL 259029, *1 (N.D.Ill., Nov. 27, 1991). *See also Murjani v. Allstate Insurance Co.*, 679 F.Supp. 601, 604 (M.D.La.1988) ("cases subsequent to *Carl Heck* ... have refined the requirement of 'independent' to teach that a claim is not independent if it is contingent on the other claim.").

**6.** *See Davis v. Life Ins. Co. of Miss.*, 700 F.Supp. 323, 326 (N.D.Miss.1988) ("*Carl Heck* teaches that indemnity actions are to be considered separate and independent and that third-party defendants can remove under § 1441(c) while the contingency test of *Moore* leads inexorably to opposite conclusions.... [T]o follow *Moore* in derogation of *Carl Heck* would require this court to treat the *Moore* opinion as it overturned or modified the rule established in *Carl Heck*."); *see also id.* (following *Carl Heck* on the ground, *inter alia*, that no panel of the Fifth Circuit can overrule another panel's decision); *In re Wilson Indus., Inc.*, 886 F.2d 93, 96 (5th Cir.1989) (the Fifth Circuit's most recent gloss on *Carl Heck* ); *National Fishing Tools, Inc. v. Galaxy Wireline, Inc.*, 1989 WL 132802, *2 (E.D.La., Oct. 31, 1989) (Sear, J.) (characterizing *In re Wilson* as a reaffirmation of the rule of *Carl Heck* ); *but see*

ly at odds with previous rulings of this District. On at least three occasions this District has ruled, albeit in unpublished opinions, that a third-party claim like the one at bar is separate and independent for purposes of removal. In the most factually congruent of these opinions, Judge Sear ruled as follows:

> Plaintiff, Ochsner Foundation Hospital, brought this action in state court to collect amounts allegedly due it from defendants/third party plaintiffs.... Third party plaintiffs claim that if found liable to Ochsner, they are entitled to indemnification and/or contribution from third party defendant [insurer Blue Cross].... While certainly related to the primary suit, the third party action, which like *Carl Heck Engineers* is essentially a claim for indemnity, involves at least one issue crucial to it (how the insurance contract should be interpreted) which is completely irrelevant to the primary action. Thus, Section 1441(c)'s separate and independent claim requirement is satisfied.

*Ochsner Foundation Hosp. v. Fremin,* 1989 WL 6013, *1–*2 (E.D.La., Jan. 24, 1989). *Accord Roussel v. Dean,* 1990 WL 124260, *1 n. 2 (E.D.La., Aug. 6, 1990) (Arceneaux, J.); *National Fishing Tools, Inc. v. Galaxy Wireline, Inc.,* 1989 WL 132802, *2 (E.D.La., Oct. 31, 1989) (Sear, J.). To preserve this District's consistency in ruling on the issue at bar, and thereby to avoid any increase in the "riotous uncertainty"[7] surrounding that issue, this Court elects to follow *Carl Heck* as interpreted by Judge Sear in *Fremin.*

Accordingly,

IT IS ORDERED that the motion to remand of defendant/third-party plaintiff Robert G. Harvey is hereby DENIED.

*Patient Care Inc. v. Freeman,* 755 F.Supp. 644, 650–51 (D.N.J.1991) (declining to follow *In re Wilson*).

7. *Davis v. Life Ins. Co. of Miss.,* 700 F.Supp. 323, (N.D.Miss.1988), quoting *Harper v. Sonnabend,*

182 F.Supp. 594, 595 (S.D.N.Y.1960). *See also Gilman v. Philadelphia,* 70 U.S. (3 Wall.) 713, 724, 18 L.Ed. 96 (1865) ("It is almost as important that the law should be settled permanently, as that it should be settled correctly.").