**REALITY THERAPY COUNSELING AND RECOVERY CENTER, INC.**

v.

**Sandra DAVIS, et al.**

**Civ. A. No. 93–558.**

United States District Court, E.D. Louisiana.

Sept. 17, 1993.

Rodney J. Madere, Metairie, LA, for plaintiff.

Alan Robert Sacks, Marcelle Casadaban Highstreet, Sacks & Eason, Metairie, LA, for defendants.

Taryn S. Southon, Howard Shapiro, McCalla, Thompson, et al, New Orleans, LA, for third-party defendant.

## ORDER AND REASONS

FELDMAN, District Judge.

Before the Court is the motion of third party plaintiffs Sandra and Kenneth E. Davis to remand. For the reasons that follow, the motion is GRANTED.

## I. BACKGROUND

In February, 1991 Sandra and Kenneth Davis entered into a contract with Reality Therapy Counseling and Recovery Center, under which the Davises guaranteed payment for drug and alcohol treatment for their daughter. The contract states:

> WHEREAS "Obligor" [the Davises] desires to retain the services of "Reality" to provide inpatient residential treatment for [their daughter] at Magnolia Recovery Center located in Gonzales Louisiana; "Obligor" agrees to pay unto "Reality" in advance first month's fee, and thereafter each month's fees are to be paid in advance, which includes room and board, group therapy, and individual therapy, as well as all additional therapy and medical expenses incurred while residing at the Magnolia Recovery Center located in Gonzales, Louisiana.

By handwritten amendment to the form contract, the parties noted after this provi-

sion, "N/A as long as insurance in force." (There is no need to interpret this notation to resolve this motion, but the Court notes that the Davises claim that the amendment somehow indicates the intention of the contracting parties that the Davises were to be liable for the charges solely if the treatment was covered by their insurance.) The Davises say that they signed the promissory note on the express representation by their insurer, Provident Life and Accident Insurance Co., that insurance coverage was available for the admission of their daughter. Additionally, Reality has filed an amended complaint in which it names Provident as a direct defendant for Provident's alleged negligent misrepresentation to Reality that insurance was available to cover treatment.

In March of 1992, Reality filed suit in the 25th Judicial District Court against Sandra and Kenneth Davis, alleging that the Davises failed to make a $13,760 payment on the promissory note. The Davises then filed a third party action against Provident, seeking payment of insurance benefits for the treatment of their daughter, under a group health plan provided by Mrs. Davis' employer, Louisiana Land and Exploration Company, through Provident.

Provident removed the entire case on the ground that the Davises seek to recover medical benefits from Provident for claims made under a welfare plan which is regulated and governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. The Davises now seek remand of the case on the ground that their third party demand against Provident is not separate and independent from the non-removable collection claim asserted against them in the main demand.

28 U.S.C. § 1441(c) provides:

Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

The question presented by the Davises' motion to remand is whether their claim against Provident is separate and independent of Reality's claim against them on the promissory note. The case literature is uncertain and has caused some courts to make unnecessary choices.

## II. LAW AND APPLICATION

### A.

The Supreme Court has announced the test for whether a third party demand presents a cause of action which is separate and independent from the main demand. In *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951) the Court instructed "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." Application of this test to claims such as the one presented here has not been an easy task for the lower courts. Much of the dissonance in the case literature is animated by two Fifth Circuit opinions. In *Carl Heck Engineers v. Lafourche Parish Police Jury*, 622 F.2d 133, 136 (5th Cir.1980), the Fifth Circuit held that a third party claim for indemnity provided a proper basis for removal of the entire case, including otherwise nonremovable state law claims, if diversity jurisdiction would have allowed filing the third party indemnity suit directly in federal court. The Fifth Circuit underscored that removal of the third party claim was particularly appropriate because the main demand had been severed and returned to state court. *Id.*

*Carl Heck* has since arguably fallen on hard times because of another decision in this circuit. *See Moore v. United Services Auto. Ass'n*, 819 F.2d 101 (5th Cir.1987). In *Moore*, the Fifth Circuit held that, in light of the Supreme Court's instruction in the *Finn* case that § 1441(c) was meant to be a limit on removal jurisdiction, a third party claim that is contingent on the establishment of liability in the main demand is not a separate and independent claim. *Id.* 819 F.2d at 103 (5th Cir.1987).

The Davises argue, and the Court agrees, that *Moore* presents the better reasoned approach to an assessment of the independence of collateral suits for reimbursement. It is useful to emphasize that the Supreme Court stated in *Finn* that a third party demand cannot be separate and independent if it alleges the same legal wrong, here, the failure to pay for the treatment received by the Davises' daughter. Reality says that the Davises are liable, and adds that the insurance company is also liable for its negligent misrepresentation about the availability of coverage. The Davis claim asserts that it is the insurer who is liable for that treatment, not them. *See University of Chicago Hosp. & Med. Center v. Rivers,* 701 F.Supp. 647, 649 (N.D.Ill.1988). In *Rivers,* the court determined that the third party ERISA claim was not separate and independent from the non-removable claims:

> All of the claims relate to the University's failure to receive compensation for the services it rendered to Johnny Rivers. The University blames Rivers, who in turn blames the University and the third party defendants. Although he claims may be "separate" and involve different legal causes of action and different legal wrongs in a narrow sense, all of the claims are interrelated.

To resolve both the main demand and the third party demand, one must start with the question of whether the Davises' daughter received treatment, and then turn to untangling who is liable for the cost of that treatment. The Court finds unpersuasive (and somewhat superficial) Provident's assertion that its liability is not contingent on the outcome of Reality's claim for payment against the Davises. If the Davises are not liable to Reality for the treatment which their daughter received, it is difficult to envision just how the Davises could successfully maintain their suit against their insurer for the cost of that treatment. Additionally, as the Court has noted, Reality also has a claim against Provident for oral misrepresentation, which is not a federal claim, and is not otherwise removable; this claim implicates the very scope of the insurance coverage issues which Provident alleges are somehow unique to the third party suit.[1]

### B.

But what of the conflict in this circuit between *Carl Heck* and *Moore?*

In *Jefferson Parish Hospital District # 2 v. Harvey,* 788 F.Supp. 282, 284 (E.D.La. 1992), the court chose to resolve the surface tension between *Carl Heck* and *Moore* by holding that *Carl Heck* is the law of the Fifth Circuit, and that to the extent that the later panel's decision in *Moore* reaches an opposite conclusion, *Moore* should not be applied.

This Court respectfully disagrees with the court's refusal in *Jefferson Parish* to apply *Moore.* *Carl Heck* can be fairly distinguished, and one need not conclude that *Moore* overrules or necessarily is at odds with *Carl Heck.* In *Carl Heck* the main demand had been severed, and liability in the main demand was already established. *See Baldwin County E. Shore Hospital v. Windham,* 706 F.Supp. 38, 39–40 (S.D.Ala.1989) (distinguishing *Carl Heck* and applying *Moore* ). Since one of the judges on the *Carl Heck* panel also served on the *Moore* panel, it is fair to assume the Fifth Circuit did not intend or perceive a conflict in the outcomes of these two cases. Furthermore, severance of the main demand in order to preserve plaintiff's forum choice would most likely be unavailable to this Court;. 28 U.S.C. § 1367 limits a district court's ability to refuse to exercise supplemental jurisdiction over state law claims related to a properly removed federal claim.[2]

---

1. Contrary to Provident's assertion, the Fifth Circuit has directly held that such a claim is *not* preempted by ERISA:

> [The hospital] seeks damages from an insurance company and its alleged agent, claiming that, had it not been for negligent misrepresentations of coverage [the hospital] would not have accepted the financial risk of providing medical treatment to [the patient]. We do not think that Congress intended ERISA to regulate the commercial interactions of such entities in such situations.
>
> *Memorial Hospital System v. Northbrook Life Insurance Co.,* 904 F.2d 236, 250 (5th Cir.1990), *reh'g denied,* (5th Cir. July 16, 1990).

2. *See generally, Recent Statutory Changes in the Law of Federal Jurisdiction and Venue: The Judicial Improvements Acts of 1988 and 1990, 1991,*

## C.

Practical factors also weigh in favor of remand of this case. Judicial economy is best served by hearing all of the related matters in this case in one forum. Remand of the entire case additionally serves to preserve the forum choice of the original plaintiff in this suit.[3] Moreover, Reality's amended complaint against Provident only serves to confirm the interlocking factual connection between the main demand and the third party suit against Provident. And, finally, one ought to remember that ERISA grants state courts concurrent jurisdiction to hear suits brought by an employee to recover benefits under an ERISA controlled plan. 29 U.S.C. § 1132(e)(1).

Because the third party suit does not state a claim which is separate and independent from the main demand in this suit, the case was not properly removed under 28 U.S.C. § 1441(c).

Accordingly, third party plaintiff's motion for remand of the case is GRANTED. This case is REMANDED to the 25th Judicial District Court for the Parish of Plaquemines, Louisiana.

---

24 U.C.Davis L.Rev. 734, 766–68. The Court also notes that the passage of the supplemental jurisdiction statute came ten years after *Carl Heck*.

**3.** The Court notes that the Fifth Circuit's allowance for removal on otherwise non-removable state law claims under § 1441(c) on the basis of a third party complaint, which, if filed alone, could have been brought in federal court, is a minority rule. Charles A. Wright, Arthur R. Miller & Edward Cooper, Federal Practice and Procedure: Civil, § 3723 at 357–59.