**UNIVERSITY OF CHICAGO HOSPI-TAL AND MEDICAL CENTER, Plaintiff and Counterdefendant,**

**v.**

**Virginia RIVERS, Defendant and Counterplaintiff.**

**No. 88 C 8417.**

United States District Court, N.D. Illinois, E.D.

Dec. 1, 1988.

Hayt, Hayt & Landau, Evanston, Ill., for plaintiff and counterdefendant.

Peter M. Sfikas, Larry R. Eaton, Peterson, Ross, Schloerb & Seidel, Chicago, Ill., for defendant and counterplaintiff.

### MEMORANDUM OPINION AND ORDER

ROVNER, District Judge.

### I. INTRODUCTION

This case is before the Court on the petition of the third-party defendants to remove from state court. For the reasons described below, the removal petition is denied and the case is remanded.

### II. BACKGROUND

On or about October 2, 1986, plaintiff University of Chicago Hospital and Medical Center (the "Hospital") filed suit in the Circuit Court of Cook County, Illinois, against defendant Virginia Rivers ("Rivers"). The Hospital sought $25,539.28 al-

legedly due for hospital and medical services rendered to defendant's deceased husband, Johnny Rivers, during the period of August 28, 1985 to September 25, 1985. On or about May 15, 1987, Rivers filed a counterclaim and a third-party complaint. The counterclaim alleged that the Hospital negligently failed to respond to a request that the patient be transferred to a Veterans' Administration facility and negligently caused services to be rendered that were not compensable by insurance. The third-party complaint was brought against General American Life Insurance Company ("General") for indemnity. Rivers alleged that General insured her and her husband for hospital and medical expenses and that General falsely represented to the Hospital that funds were available for the payment of the services which the Hospital provided to her husband.

General moved to dismiss the third-party claim on the ground that it was preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* On July 26, 1988, the court struck the third-party complaint and granted Rivers leave to replead. On September 28, 1988, Rivers filed an amended third-party complaint against three parties: General; Genelco, Inc.; and Bakery, Confectionary & Tobacco Workers Union Local No. 2 Trust Fund (the "Plan"), a benefit plan for which General and Genelco served as claim administrators. The amended third-party complaint alleged that Rivers and her husband were insured for medical benefits under the Plan and that the third-party defendants failed to pay claims submitted by the Hospital on behalf of Johnny Rivers. Count I alleges a violation of ERISA, and Count II alleges that the Plan's denial of claims was improper.

On October 3, 1988, General and Genelco (with the consent of the Plan, which had not yet been served), filed a removal petition in this Court. Because the Court could not determine from the face of the removal petition whether removal was proper, it afforded the parties an opportunity to submit briefs. *See* 28 U.S.C. § 1446(c)(5). The University did not file a brief. Rivers filed a brief in opposition to the removal petition in which she contended that the federal claim was not separate and independent. General and Genelco filed a brief in support of removal.

## III. ANALYSIS

■ This removal petition implicates two separate removal provisions: 28 U.S.C. § 1441(a) and 28 U.S.C. § 1441(c). The Court will begin by addressing section 1441(c), which is the only provision explicitly relied upon by General and Genelco. Section 1441(c) provides:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

In *American Fire & Casualty Insurance Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), the Supreme Court read section 1441(c) as providing a removal standard additional to that of section 1441(a)[1] but adopted a strict view of "separate and independent" which served to limit the number of cases removable pursuant to section 1441(c). The Court held that "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." 341 U.S. at 14, 71 S.Ct. at 540. *See also Vidmar Buick Co. v. General Motors Corp.*, 624 F.Supp. 704 (N.D.Ill.1985). Thus section 1441(c) applies only where the removable claim is "not based on the same wrongful conduct

---

1. 28 U.S.C. § 1441(a) provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

as that which gave rise to the non-removable claims." *Ford Motor Credit Co., Inc. v. Aaron–Lincoln Mercury, Inc.*, 563 F.Supp. 1108 (N.D.Ill.1983). "Even if more than a single wrong exists, claims are not 'separate and independent' if the wrongs arise from an interlocked series of transactions, *i.e.*, they substantially derive from the same facts." *Lewis v. Louisville & Nashville Railroad Co.*, 758 F.2d 219 (7th Cir.1985).[2]

Under these principles, the Court finds that the ERISA claim in this case is not separate and independent from the non-removable claims. All of the claims relate to the University's failure to receive compensation for the services it rendered to Johnny Rivers. The University blames Rivers, who in turn blames the University and the third-party defendants. Although the claims may be "separate" and involve different legal causes of action and different legal wrongs in a narrow sense, all of the claims are interrelated.

General and Genelco assert that this case is similar to *Ford*, in which Judge Marshall concluded that section 1441(c) permitted removal by a third-party defendant. The primary claim was a suit by Ford Motor Credit Company against Aaron–Lincoln Mercury, Inc., asserting liability under a financing contract. The third-party claim by Aaron–Lincoln against Ford Motor Company alleged fraud in the sale of a franchise to Aaron–Lincoln. The court found that the third-party claim was separate and independent because it was "based on a separate relationship and a different course of allegedly wrongful conduct." 563 F.Supp. at 1111.

The claims in *Ford* were less related than are the claims in this case. Unlike the situation in *Ford*, if the third-party defendants had paid the benefits which Rivers alleges they were obligated to pay, the

University would have no reason to sue Rivers. The claims are not independent, but rather interlock with each other. Section 1441(c), therefore, does not permit removal.

That the case is not removable pursuant to section 1441(c), however, does not end the inquiry. It remains possible that the case is removable pursuant to section 1441(a) as a case which would be within the Court's original jurisdiction. Because this case involves a claim within the federal jurisdiction combined with related claims outside of the federal jurisdiction, the entire case would ordinarily be within the Court's jurisdiction under the doctrine of pendent jurisdiction. This possibility was recognized in *Thomas*, where the Seventh Circuit stated that one reason for its inability to discern a use for section 1441(c) where federal claims are involved is that even in the absence of section 1441(c),

> joining a nonfederal claim [with a federal claim] would not defeat removal. This is true whether the nonfederal claim was closely related to the federal claim or completely unrelated. If the former, it would be within the pendent jurisdiction of the federal district courts ... and then the whole case would be within the original jurisdiction of those courts and therefore removable under section 1441(a). If the claims were unrelated, there would really be two cases, not one—a federal case, and an unrelated state case, and the first could be removed under section 1441(a).

740 F.2d at 482. *See also Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 108 S.Ct. 614, 619, 98 L.Ed.2d 720 (1988) (where complaint alleged both federal and state-law claims, the "state-law claims fell within the jurisdiction of the District Court to which the action was removed because they derived from the same nucleus of operative fact as the federal-law claim").

---

2. In light of this strict standard, very few cases, if any, are removable pursuant to section 1441(c). The Seventh Circuit has suggested that section 1441(c) may not apply to federal question claims. *See Thomas v. Shelton*, 740 F.2d 478, 483–84 (7th Cir.1984). It has also been noted that section 1441(c) allows removal of few, if any, diversity cases. *See* Wright & Miller, *Federal Practice and Procedure: Jurisdiction,*

§ 3724 at 367 (2d ed. 1985). *But see Michell v. Pepsi–Cola Bottlers, Inc.*, 772 F.2d 342, 344 (7th Cir.1985) (section 1441(c) "makes clear that defendant may remove an entire case to federal court whenever a removable claim is joined with one or more otherwise non-removable claims"), *cert. denied*, 475 U.S. 1047, 106 S.Ct. 1266, 89 L.Ed.2d 575 (1986).

Under normal circumstances, therefore, this case would be removable pursuant to section 1441(a). There is another consideration, however, which precludes removal under section 1441(a) and also serves as an alternate ground for the Court's holding that section 1441(c) does not permit removal. Section 1441(a) permits removal only by "the defendant or the defendants." Although section 1441(c) does not specify which parties may remove a case, stating only that the case "may be removed," it is generally assumed that it, like section 1441(a), permits removal only by defendants. The question then arises whether General and Genelco, as third-party defendants, are "defendants." Although there is a split of authority on this question, the Seventh Circuit has held that, at least in most cases, third-party defendants are not "defendants" for purposes of section 1441(c). *See Thomas v. Shelton*, 740 F.2d 478, 486–87 (7th Cir.1984). *See generally* Wright & Miller, *Federal Practice and Procedure: Jurisdiction*, § 3724 at 388–94 (2d ed. 1985). The court in *Thomas* emphasized that section 1441(c) refers to removable claims which are "joined" with nonremovable claims rather than antagonistic to them. 740 F.2d at 486. The court continued: "[T]o allow removal of an entire suit on the basis of a third-party claim is to bring into the federal court an action the main part of which is not within that court's original jurisdiction, and is thus to enlarge federal at the expense of state jurisdiction in rather a dramatic way." *Id.* The court was "satisfied that in the broad run of third-party cases ... the third-party defendant cannot remove the case under section 1441(c), [but] we hesitate to adopt a universal and absolute rule to that effect." *Id.* at 487. Justice Swygert concurred, ex-pressing his disagreement with the "strong inference if not the direct holding that third-party defendants can never remove under 28 U.S.C. § 1441(c)." *Id.* at 490. He stated his agreement with Judge Marshall's opinion in Ford, which had concluded that third-party defendants do qualify as "defendants" for purposes of section 1441(c). *Id.*[3]

This Court is bound to follow the Seventh Circuit's strong suggestion that third-party defendants are not entitled to remove cases pursuant to section 1441(c). Furthermore, most of the Seventh Circuit's reasoning applies equally well to section 1441(a). Indeed, the assumption that section 1441(c) permits only a "defendant" to remove derives from the word "defendant" in section 1441(a), and "defendant" must have the same meaning with respect to each provision. The Court finds, therefore, that sections 1441(a) and 1441(c) do not permit removal by third-party defendants. Pursuant to 18 U.S.C. § 1447(c), the case is remanded to state court.

## IV. CONCLUSION

General and Genelco are not permitted to remove pursuant to 28 U.S.C. § 1441(c) because the federal claim is not separate and independent from the nonremovable claims. Furthermore, they are not entitled to remove under either 28 U.S.C. § 1441(a) or 28 U.S.C. § 1441(c) because they are not "defendants." Their petition for removal is therefore denied, and the case is remanded to the Circuit Court of Cook County, Illinois.

---

**3.** In *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941), the Court held that a plaintiff/counter-defendant is not a "defendant" for purposes of the removal statute. In *Ford*, Judge Marshall found that *Shamrock Oil's* holding does not extend to third-party defendants, because a third-party defendant, unlike a plaintiff/counter-defendant, does not voluntarily submit to the jurisdiction of the state court. 563 F.Supp. at 1113. *But see Share v. Sears, Roebuck & Co.*, 550 F.Supp. 1107, 1109 (E.D.Pa.1982) (finding that *Shamrock Oil* does apply; just as a plaintiff/counter-defendant does not elect the state forum with respect to the counterclaim, the third-party defendant does not elect the state forum with respect to the third-party claim). The Court finds it troublesome that General and Genelco rely on *Ford* for the proposition that third-party defendants are entitled to remove but fail to call the Court's attention to *Thomas,* in which the Seventh Circuit strongly suggested, if it did not hold, the opposite.