**Jamie PRICE, Plaintiff,**

v.

**ALFA MUTUAL INSURANCE COMPANY; Sylvia Parrish, et al., Defendants.**

**ALFA MUTUAL INSURANCE COMPANY, Third–Party Plaintiff,**

v.

**James Lee WITT, Third–Party Defendant.**

**Civ. A. No. 95–D–0019–S.**

United States District Court, M.D. Alabama, Southern Division.

Feb. 6, 1995.

---

Jere L. Beasley, W. Daniel "Dee" Miles, III, Montgomery, AL, Joseph W. Adams, Ozark, AL, for plaintiff.

H.E. Nix, Jr., Montgomery, AL, L. Merrill Shirley, Elba, AL, for defendants.

## MEMORANDUM OPINION AND ORDER

De MENT, District Judge.

This matter is before the Court on Plaintiff's Motion to Remand this action to the Circuit Court of Dale County, Alabama, filed January 10, 1995. For reasons articulated herein, Plaintiff's motion is due to granted.

### FACTS/CONTENTIONS

Plaintiff, Jamie Price ("Price"), originally filed this action against ALFA Mutual Insurance Company ("ALFA") and Sylvia Parrish ("Parrish") in the Circuit Court of Dale County, Alabama on December 29, 1994.[1] Allegedly, the Small Business Administration (the "SBA") required Price to purchase flood insurance before it would approve Price's loan application. Acting as agent or representative of ALFA, Parrish purportedly completed the flood insurance application and assured Plaintiff that in consideration for his five hundred seventy-four and no/100 dollars ($574.00) he was insured against loss attributable to flooding. The parties executed this policy on or about September 18, 1990. Thereafter, Price allegedly paid annual premiums in the amount of two hundred twenty-six and no/100 dollars ($226.00). According to Plaintiff, the SBA approved Plaintiff's loan based on Plaintiff's representation that he had procured flood insurance.

In August of 1994, the Dale County area suffered severe weather resulting in flooding, generally, and Plaintiff's residential area, specifically. Consequently, Price made a claim on the subject insurance policy. However, on September 19, 1994, the National Flood Insurance Program (the "NFIP") informed Plaintiff that the policy upon which Plaintiff made his claim was improperly written and denied Plaintiff's claim.[2]

Plaintiff contends that, although he made all purported premium payments in a timely fashion, Defendants provided no insurance. Plaintiff claims that ALFA and/or its agent,

---

1. To date, Defendants have not filed yet an answer in this action.

2. The NFIP informed Plaintiff that there was a problem with his policy which prevented processing of his claim. NFIP's Claims Examiner, D.L. Marks, stated that Plaintiff's policy revealed and intent to insure more than one property under said policy. Mr. Marks also explained that Plaintiff had one year from the date of the letter to sue in United States District Court in the district encompassing the location of the insured property at the time of loss.

Parrish, is liable to Plaintiff for fraud, misrepresenting or omitting material information, negligent failure to inform Plaintiff of the requirements of the National Flood Insurance Program, and breach of contract. Plaintiff brought this action in the Circuit Court of Dale County, Alabama on December 29, 1994.[3]

Subsequently, Defendant ALFA filed a third-party complaint for indemnity against James L. Witt ("Witt"), Director of the Federal Emergency Management Agency ("FEMA"), in the Circuit Court of Dale County, Alabama. Defendant/third-party plaintiff ALFA filed a notice of removal to this court on January 6, 1995. As the basis for its removal of this action, ALFA asserts that its third-party action evokes 42 U.S.C. § 4081(c) and that the action *Price v. ALFA Mutual and Parrish* is amenable to federal court jurisdiction because the Court may exercise pendant jurisdiction over the state law claims contained therein.

On January 10, 1995, Plaintiff filed the motion presently before the court. Plaintiff contends that this action is due to be remanded for any of the following reasons: the notice of removal was untimely filed; all defendants have not been properly joined, which allegedly violates 28 U.S.C. § 1446; a third-party plaintiff cannot remove actions to federal court; and FEMA is not applicable in the present action.

### DISCUSSION AND ANALYSIS

Federal courts are courts of limited jurisdiction,[4] and possess only that power authorized by the Constitution and statute, *see Willy v. Coastal Corp.*, 503 U.S. 131, 132–35, 112 S.Ct. 1076, 1078–79, 117 L.Ed.2d 280

(1992); *Bender v. Williamsport Area School District*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986), which is not to be expanded by judicial decree, *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). Therefore, this court's jurisdictional authority is limited by its responsibility for resolving concrete disputes properly brought before it. The removal of causes to United States District Courts is governed by 28 U.S.C. § 1441. This provision provides in relevant part that:

[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331.... is joined with one or more otherwise nonremovable claims.... the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c).

Essentially, ALFA contends that removal is proper because this court has original federal question jurisdiction over the third-party claim because it invokes 42 U.S.C. § 4081(c).[5] Assuming arguendo that ALFA constructs a viable claim under this provision, the Court finds that this action is nonetheless due to be remanded.

For section 1441 purposes, the existence of a federal question is determined by the plaintiff's complaint as it stands at the time of removal. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9–10, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983); *Pullman Co. v. Jenkins*, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939); *Great Northern Ry. Co. v. Alexander*, 246 U.S. 276, 38 S.Ct. 237, 62 L.Ed. 713 (1918). Under

**3.** Plaintiff and both defendants are Alabama citizens; therefore, diversity of citizenship does not exist. *See* 28 U.S.C. § 1332. Moreover, the plaintiff does not allege any violation(s) of a federal statutory or constitutional provision. *See* 28 U.S.C. § 1331. Thus, the court may not assert jurisdiction over the original action.

**4.** *See* U.S. Const. art. III, § 2.

**5.** ALFA claims that because it has evoked 42 U.S.C. § 4081(c), the entire action is removable. Section 4081(c) provides:
[t]he Director of the Federal Emergency Management Agency shall hold any agent or broker

selling or undertaking to sell flood insurance.... harmless from any judgment for damages against such agent or broker as a result of any court action by a policyholder or applicant arising out of an error or omission on the part of the Federal Emergency Management Agency, and shall provide any such agent with indemnification.... arising out of and caused by an error or omission on the part of the Federal Emergency Management Agency and its contractors.
42 U.S.C. § 4081(c).

this axiomatic principle, "the well-pleaded complaint" rule, if allegations in the complaint do not bring the case within the removal jurisdiction of the district court, "[the suit] cannot be made removable by any statement in the petition for removal or in subsequent pleadings by the defendant." *Stone v. Williams*, 792 F.Supp. 749, 753 (M.D.Ala. 1992) (quoting *Great Northern Ry. Co. v. Alexander*, 246 U.S. at 281, 38 S.Ct. at 239).[6] The well-pleaded complaint rule has even been extended to bar removal where the defendant raises a federal question in a compulsory counterclaim.[7] *See Stone v. Williams*, 792 F.Supp. at 754.

The court notes that the well-pleaded complaint rule reduces the number of potentially serious federal-state conflicts and thereby nurtures comity between the states and the federal government. *See Franchise Tax Board*, 463 U.S. at 9–10, 103 S.Ct. at 2846. As the *Franchise Tax Board* Court noted,

> "[w]hether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, . . . . must be determined from the what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose."

*Franchise Tax Board*, 463 U.S. at 10, 103 S.Ct. at 2846 (quoting *Taylor v. Anderson*, 234 U.S. 74, 75–76, 34 S.Ct. 724, 724, 58 L.Ed. 1218 (1914)). Therefore, the court must direct its focus to Plaintiff's complaint in order to determine whether a federal question exists, which would justify not re-

manding this action to the Circuit Court of Dale County, Alabama.

The complaint raises no issue(s) of federal law. Plaintiff asserts several state law causes of action. Defendant seeks to evoke the removal statute by filing a third-party action against the Director of the FEMA, James Lee Witt. However, Plaintiff's claim arises solely from his contact and interaction with ALFA, an Alabama insurance company, and its agent, Sylvia Parrish, also an Alabama citizen. Moreover, while the complaint mentions the FEMA, Plaintiff's right to recovery in this action does not turn on this or any other federal statutory provision. Whether any such right exists, it can be determined by an application of Alabama common law.

The Court also notes that a number of federal courts have held that third-party defendants are not capable of removing actions to federal court when the original action could not have been brought in federal court.[8] *See, e.g., Persoff v. Aran*, 792 F.Supp. 803, 804 (S.D.Fla.1992); *Andrews v. Electric Motor Systems, Inc.*, 767 F.Supp. 853 (S.D.Ohio 1991); *Lewis v. Windsor Door Co.*, 926 F.2d 729 (8th Cir.1991). Likewise, leading commentators on the law of federal court jurisdiction agree that third-party defendants lack the authority to remove. C. Wright, A. Miller, E. Cooper, *Federal Practice and Procedure*, §§ 3724, 3731 (2d ed. 1985); 1A J. Moore & B. Ringle, *Moore's Federal Practice*, ¶ 0.167[10] (2d ed. 1991).

■ Notwithstanding this general refusal to permit third-party defendants to remove,

---

6. While this rule is most often raised to deny removal in cases where the federal question is initially presented in the answer, *see, e.g., Louisville & Nashville Railway Co. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908), courts have held that a defendant's counterclaim constitutes a subsequent pleading by the defendant, and a federal claim raised (by a defendant) in a counterclaim does not provide an independent basis for jurisdiction. *Alabama Dept. of Environmental Management v. Southern Clay & Energy*, 737 F.Supp. 80, 81–82 (N.D.Ala.1990); *F.D.I.C. v. Elefant*, 790 F.2d 661, 667 (7th Cir.1986); *Cook v. Georgetown Steel Corp.*, 770 F.2d 1272 (4th Cir.1985); *Takeda v. Northwestern National Life Insurance Co.*, 765 F.2d 815, 822 (9th Cir. 1985).

7. Since a defendant must bring compulsory counterclaims and will not be permitted to assert the claim in a subsequent action, this position appears counter-intuitive, *see* Fed.R.Civ.P. 13(a); however, as the Franchise Tax Board Court noted, the well-pleaded complaint rule "may produce awkward results." *Franchise Tax Board*, 463 U.S. at 12, 103 S.Ct. at 2847.

8. While the case at bar involves a third-party plaintiff attempting to remove, the court discerns no legitimate distinction between third-party plaintiffs and third-party defendants attempting to remove because both scenarios present the identical issue—whether this court may assert removal jurisdiction over a third-party claim.

the United States Fifth Circuit Court of Appeals has held that "[i]f the third party complaint states a separate and independent claim which if sued upon alone could have been properly brought in federal court, there should be no bar to recovery." *Heck Engineers, Inc. v. Lafourche Parish Police Jury,* 622 F.2d 133 (5th Cir.1980).[9] Therefore, a third-party defendant seeking to remove must bring a sufficiently "separate and independent" claim in order to satisfy the removal requirements of 28 U.S.C. § 1441(c). *Heck Engineers,* 622 F.2d at 136. In *Heck Engineers,* the Fifth Circuit affirmed the finding of the district court that the third-party plaintiff's indemnity claim was sufficiently "separate and independent" from the original plaintiff's liquidated damages claim so as to justify removal.[10] *Id.* at 136.

Various courts have found that where recovery against one party is dependent upon establishing liability of another party, such claim is not separate and independent. *Baldwin County Eastern Shore Hospital Board, Inc. v. Windham,* 706 F.Supp. 38, 40 (S.D.Ala.1989); *Johnson v. Allstate Insurance Co.,* 633 F.Supp. 43, 45 (S.D.Ala.1986); *See also, Moore v. United Services Automobile Association,* 819 F.2d 101, 103 (5th Cir. 1987) ("... a claim is not separate and independent if it is contingent on [another] claim").

In *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), the United States Supreme Court articulated a standard to determine the validity of removal pursuant to section 1441(c). The *Finn* Court held "that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under Section 1441(c)." *Finn,* 341 U.S. at 14, 71 S.Ct. at 540. The Court also stated that: "[t]he addi-

tion of the word 'independent' gives emphasis to congressional intention to require more complete disassociation between the federally cognizable proceedings and those cognizable only in state courts before allowing removal." *Id.* at 12, 71 S.Ct. at 539.[11]

■ Here, the court has: 1) established that the original action presents no basis for asserting subject-matter jurisdiction; and 2) assumed that 42 U.S.C. § 4081(c) is applicable to the third-party action. Therefore, the pivotal determination regarding whether this court may properly assert jurisdiction over the entire action (under this approach) is whether the third-party action is sufficiently "separate and independent" from the main cause.

Witt's, or the FEMA's, liability, if any, is dependent on whether ALFA, the defendant/third-party plaintiff, is liable to Price, the original plaintiff. Since recovery against Witt hinges, in the first instance, on a court finding ALFA liable to Price, this Court finds that the third-party cause of action is not sufficiently separate and independent to warrant removal. Moreover, the court finds that the flood insurance policy at issue forms the basis of the original and third-party claims in this cause. The claims and contentions embodied in the original and third-party complaints are part of an interlocked series of transactions or actions which when viewed as a whole cannot be said to be "separate and independent."

### Conclusion

Because a federal question does not appear in Price's complaint and ALFA fails to bring an action against Price sufficiently "separate and independent" from the original action, this court deems it expedient and proper and it is CONSIDERED and ORDERED that this cause be and the same is hereby RE-

---

**9.** All decisions of the United States Fifth Circuit Court of Appeals decided before October 1, 1980 which have not been overruled by the United States Eleventh Circuit Court of Appeals are binding on federal courts situated in the Eleventh Circuit. *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981).

**10.** The court also points out that the district court in that action severed the third-party action

and remanded the main action to state court. 622 F.2d at 136.

**11.** *See also, Gardner & Florence Call Cowles Found v. Empire Inc.,* 754 F.2d 478 (2d Cir.1985) (stating "few, if any, diversity cases can be properly removed under Section 1441(c) in light of the construction placed on the statutes by the *Finn* case").

MANDED to the Circuit Court of Dale County, Alabama.[12]

The clerk is DIRECTED to take the necessary action to effect said REMAND.

12. The court deems it unnecessary to consider the other arguments articulated by Plaintiff. Even if the other arguments presented by Plain-tiff were groundless, this case is, nonetheless, due to be remanded to the Circuit Court of Dale County, Alabama.