**MONMOUTH–OCEAN COLLECTION SERVICE, INC., Assignee of Kimball Medical Center, MCOC Emergency Physicians, and Jersey Shore Radiology Associates, Plaintiffs,**

v.

**Noach KLOR and Michla Klor, individually and/or jointly, Defendants / Third–Party Plaintiffs,**

v.

**U.S. Healthcare, Inc., Third–Party Defendant.**

**No. Civ.A. 98–3835(KSH).**

United States District Court, D. New Jersey.

April 5, 1999.

David C. Furman, Furman & Jennings, Red Bank, NJ, for Monmouth–Ocean Collection Service Inc., plaintiffs.

Lois L. Krieger, David Lazarus, Director of Litigation Community Health Law Project, Trenton, NJ, for Noach Klor and Michla Klor, defendants.

Edward S. Wardell, Kelley, Wardell & Craig, Haddonfield, NJ, for U.S. Healthcare, third-party defendant.

## ORDER

HAYDEN, District Judge.

For the reasons expressed in the Report and Recommendation of the Honorable Ronald J. Hedges. United States Magistrate Judge, filed on February 25, 1999; and this Court receiving no objection thereto:

It is on this 1st day of April, 1999

**ORDERED** that this action is remanded to the Superior Court of New Jersey, Law Division, Monmouth County; and it is further

**ORDERED** that the Report and Recommendation of the United States Magistrate Judge is adopted and incorporated as the Opinion of this Court.

HEDGES, United States Magistrate Judge.

## REPORT AND RECOMMENDATION

### INTRODUCTION

On December 16, 1998, I issued an Order directing third-party defendant U.S. Healthcare, Inc. ("Healthcare"), to show cause why this civil action should not be remanded. In response, Healthcare submitted a memorandum of law. There was no oral argument. Rule 78.

### STATEMENT OF FACTS

This civil action originated with the filing of the Complaint on February 11, 1998 in the Superior Court of New Jersey, Law Division, Monmouth County. Plaintiff Monmouth–Ocean Collection Service, Inc. ("plaintiff"), was designated in the Complaint as the assignee of Kimball Medical Center, MCOC Emergency Physicians and Jersey Shore Radiology Associates. Noach Klor and Michla Klor were named as defendants. Plaintiff alleged in the First Count of the Complaint that defendants were indebted to Kimball Medical Center for "goods, sold and delivered, services rendered, and/or on a certain book account in the sum of $11,358.00." Plaintiff alleged in the Second Count that defendants were indebted to MCOC Emergency Physicians for "goods sold and delivered, services rendered, and/or on a certain book account the sum of $155.00." Plaintiff alleged in the Third Count that defendants were indebted to

Jersey Shore Radiology Associates for "goods sold and delivered, services rendered, and/or on a certain book account in the sum of $6.76."

On June 19, 1998, defendants filed a Third–Party Complaint. Healthcare was named as the third-party defendant. The Third–Party Complaint alleged that Noach Klor "has multiple sclerosis and receives regular treatment at Kimball Medical Center, plaintiff's assignee." Paragraph 3. It further alleges that, for a certain period of time, Noach Klor's "medical expenses were covered through Medicare and Charity Care." Paragraph 4. Michla Klor is alleged to have seen a Healthcare newspaper advertisement and to have responded to that advertisement with a request for information. Paragraphs 5–7. Thereafter, Healthcare enrolled Noach Klor in a "Medicare Plan," after which Michla Klor requested that he be disenrolled. According to the Third–Party Complaint, as a result of Noach Klor's enrollment with Healthcare, neither Medicare nor Charity Care would pay for hospitalization in October of 1995 and, inasmuch as Noach Klor did not have a referral from a primary physician, neither would Healthcare. Paragraphs 8–16.

In the First Count of the Third–Party Complaint, the Klors alleged that the advertisement was misleading and in violation of the Consumer Fraud Act, N.J.S.A. 56:8–1 *et seq.* In the Second Count of the Third Party Complaint, the Klors alleged that Healthcare misrepresented Noach Klor's enrollment status to Kimball Medical Center and that, as a result of the misrepresentation, Healthcare "should be held liable for the cost of the medical services rendered." Paragraph 24. In the Third Count, the Klors alleged that Healthcare negligently failed to advise Noach Klor that he should have secured a referral from a primary care physician before being hospitalized.

Under the First Count, the Klors seek treble damages and attorney's fees pursuant to N.J.S.A. 56:8–19. Under the Second and Third Counts, the Klors seek indemnification from Healthcare should they be held liable to plaintiff.

Healthcare removed this civil action on August 14, 1998. Healthcare alleged that the Third–Party Complaint stated a federal question under 28 U.S.C. § 1331, that the Third–Party Complaint stated a claim for Medicare benefits against Healthcare, that Noach Klor was a Medicare beneficiary enrolled in Healthcare, and that the sole remedy of the Klors was to pursue an appeals process with the Health Care Financing Administration.

■ I conducted an initial scheduling conference on December 16, 1998. I questioned whether this civil action was removable and issued the pending Order to Show Cause.[1]

## DISCUSSION

■ The removal statutes are to be strictly construed with doubt as to the propriety of removal resolved in favor of remand. *See, e.g., Sun Buick, Inc. v. Saab Cars USA, Inc.,* 26 F.3d 1259, 1267 (3d Cir.1994). Only actions that could have originally been brought in federal court may be removed. *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 9–10, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

■ Examination of the Complaint reveals that there is no diversity jurisdiction. Thus, removal must be predicated on the existence of a federal question. *Charter Fairmount Institute, Inc. v. Alta Health Strategies,* 835 F.Supp. 233, 234 (E.D.Pa. 1993). "In order for a case to be removable under § 1441 and § 1331, the well-pleaded complaint rule requires the federal question be presented on the face of the plaintiff's properly pleaded complaint." *Railway Labor Executives Ass'n v. Pittsburgh & Lake Erie R.Co.,* 858 F.2d 936,

---

1. "A federal court has the obligation to address a question of subject matter jurisdiction sua sponte." *Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir.1999).

939 (3d Cir.1988). The plaintiff is the master of the claim and may "avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (footnote omitted). "[A] case may not be removed to a federal court on the basis of a federal defense \*\*\*." *Allstate Ins. Co. v. 65 Sec. Plan,* 879 F.2d 90, 93 (3d Cir.1989).

Here, the "well-pleaded complaint" alleges only state law causes of action against defendants. It does not present a federal question on its face. The question thus arises whether a third-party defendant such as Healthcare may invoke the removal statutes. I am satisfied that Healthcare may not.

■ Any discussion of removal must begin with 28 U.S.C. § 1441. It provides, in pertinent part:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

(c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more

otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

Here, I must look to the allegations of the Third–Party Complaint and the Notice of Removal to determine whether removal was proper. *See Schmidt v. Association of Apartment Owners,* 780 F.Supp., 699, 701 (D.Hawai'i 1991). Healthcare, in its Notice of Removal, asserts that the Third–Party Complaint gave rise to a "federal question" within the meaning of 28 U.S.C. § 1331 and was thus removable pursuant to " § 1441(a), (b) and (c)." ¶¶ 6, 8, Notice of Removal.

In *Patient Care, Inc. v. Freeman,* 755 F.Supp. 644 (D.N.J.1991), Judge Debevoise stated:

More than thirty years ago a federal judge faced with the question of whether a third-party defendant could remove an action to federal court described the case law as a 'field luxuriat[ing] in a riotous uncertainty.' *Harper v. Sonnabend,* 182 F.Supp. 594, 595 (S.D.N.Y. 1960). It is truly lamentable that this description remains accurate today. Despite the issuance of dozens of decisions during several decades, no uniform rule has developed. Indeed, a review of the cases reveals that even where two courts reach the same outcome, they rarely share a common rationale. Not only are there conflicts within several circuits, including the Third Circuit, there are even, as the decisions of this Court indicate, conflicts within individual judicial districts. [755 F.Supp. at 646].

Despite this lack of uniformity, *Moore's Federal Practice* concludes that Section 1441 does not authorize removal by third-parties:

There are myriad and diverging views on whether third-party defendants may remove an action. Some courts granting third-party defendants the right of

removal hold that there should be no difference between defendants and third-party defendants, while other courts permit removal if the third-party claim states a separate and independent action that would entitle the third-party defendant to removal ***.

Some courts hold that a third-party cause of action is not removable if the main claim could not have been originally filed in federal court and removal is based solely on the third-party claim. Other courts prohibit third-party defendants from removing a case when the original defendants did not seek removal, under the theory that it would be unjust to permit a party not sued by the plaintiff to compel the plaintiff to try the case in a forum not of the plaintiff's choice. Other courts consider the third-party cause of action to be merely incidental or ancillary to the main nonremovable claim and not a separate controversy.

The better view, consistent with the principle that removal jurisdiction is to be strictly construed, is that third-party claims are not removable, because only a party defending against claims asserted by a plaintiff ought to be able to remove. If the original defendant had no right to remove, or chose not to, an ancillary defendant should not be permitted to remove, absent express statutory authority? As in the case of counterclaims and cross-claims, third-party defendants are not *defendants* within the meaning of the removal statute ***. [16 D. Coquillette, G. Joseph, S. Schreiber, J. Solovy & G. Vario, *Moore's Federal Practice*, § 107.11[1][b][iv] (3d Cir.1998) (footnotes omitted) ].

"The majority of the rather considerable number of cases *** have concluded that a third-party defendant *** is not entitled to remove the case ***". 14C Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure*, § 3724 at 40 (3d ed.1998). *See, e.g., Lewis v. Windsor Door Co.*, 926 F.2d 729, 733–34 (8th Cir.1991); *Thomas v. Shelton*, 740 F.2d 478, 482–88 (7th Cir.1984); *Easton Financial Corp. v. Allen*, 846 F.Supp. 652, 653 (N.D.Ill.1994); *Schmidt, supra*, 780 F.Supp. at 702–03; *Fleet Bank–NH v. Engeleiter*, 753 F.Supp. 417, 418–19 (D.N.H. 1991).

In *Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133 (5th Cir.1980), the court held that a third-party defendant could invoke Section 1441(c) and remove a "separate and independent claim." 622 F.2d at 135–36. *Heck* led to what is now recognized as the minority view on third-party removal and is followed in the Fifth and Eleventh Circuits. 14C *Federal Practice & Procedure*, § 3731 at 253–55. *See, e.g., Price v. Alfa Mut. Ins. Co.*, 877 F.Supp. 597, 600–01 & n. 9 (M.D.Ala.1995) (noting that Fifth Circuit precedent is binding on Eleventh Circuit); *Anderson v. Transamerica Specialty Ins. Co.*, 804 F.Supp. 903, 905 (S.D.Tex. 1992); *Marsh Investment Corp. v. Langford*, 494 F.Supp. 344, 346–48 (E.D.La. 1980). Judge Debevoise adopted the rationale of *Heck* in *Patient Care*. Judge Gerry rejected *Heck* in *Kaye Associates v. Board of Chosen Freeholders*, 757 F.Supp. 486 (D.N.J.1991).

In *Kaye Associates*, a third-party defendant removed an action on the basis of diversity of citizenship between it and the defendant/third-party plaintiff. In remanding, Judge Gerry reasoned as follows:

At the outset, we note that the right of a party to remove a case from state to federal court is purely statutory—such that our removal jurisdiction exists only when authorized by Congress. *** It has been the policy of the courts to strictly construe removal statutes. ***

Given that background, we think that the better interpretation of § 1441 is that section (c) is only applicable to claims joined by the plaintiff. First, the broad principles espoused by courts allowing removal by third-party defendants—i.e. that section (c) authorizes removal whenever there exists, in the

state court action, a separate and independent claim which would be removable if sued upon alone—appears to conflict with other well- established rules regarding removal. For example, it is beyond dispute that a case cannot be removed solely on the basis of a defendant's counterclaim. *** This is true even if the defendant's counterclaim was separate and independent, and would have been removable if sued upon alone. *** Moreover, courts have established the general principle that removability is determined by the initial pleadings filed by the plaintiff and that a case nonremovable on the initial pleadings can become removable only pursuant to a voluntary act of the plaintiff. *** Although district courts have the discretion to remand all matters not otherwise within its original jurisdiction, removal by third-party defendants under § 1441(c) entails removal of the whole case—including removal of the original plaintiff's claim against the original defendant—on a basis other than the plaintiff's voluntary act. These conflicts are avoided if § 1441(c) is read so as to apply only claims joined by the plaintiff.

Turning to the text of the statute, we note initially that § 1441(c), on its face, does not provide much guidance regarding whether or not removal by third-party defendants is appropriate. However, looking to the legislative history, it appears that that section was not intended to extend the right of removal to additional parties, such as third-party defendants. The antecedent of § 1441(c), the Separable Controversy Act, was adopted in response to the practice of some plaintiffs to join a co-citizen as a defendant in a state court action against a citizen of another state in order to destroy complete diversity—with the result that the non-citizen defendant was prevented from removing the case to federal court. *** The Act responded to that practice by permitting removal by the non-citizen defendant upon a showing that there was diversity

and that the matter between him and the plaintiff was 'separable' from the plaintiff's controversy with the non-diverse party. *** Section 1441(c) replaced that Act and substituted the new 'separate and independent claim or cause of action' formulation for the notion of a 'separable controversy'. The purpose of the amendment was (1) to avoid the difficulties in determining what constituted a 'separable controversy', and (2) to limit removal from state courts by requiring 'more complete disassociation between the federally cognizable proceedings and those cognizable in state courts before allowing removal.' ***

Looking at that legislative history, it seems clear that the intent of § 1441(c) was to ensure that 'the plaintiff cannot preclude the right to remove a removable claim through the device of joining a wholly separate and independent nonremovable claim.' *** Given that intent, the policy of strict construction of removal statutes, and the apparent conflict with other well-established principles of removal, we cannot conclude, without more express guidance from Congress, that section (c) was intended also to expand removal jurisdiction by allowing removal by third-party defendants. [757 F.Supp. at 487–89 (citations and footnotes omitted)].

In *Patient Care,* the plaintiff had instituted suit against defendants in State court to recover for medical services. Defendants third-partied the operator of a group medical benefits plan. The operator removed, arguing that the third-party action was preempted by ERISA. Judge Debevoise concluded that a third-party defendant could remove a separate and independent claim under Section 1441(c):

For those courts which would deny the right of removal to third party defendants, the point of departure for interpreting § 1441 is the 'Congressional purpose to restrict the jurisdiction of the federal courts on removal....' ***

From this premise of strict construction, the opponents of removal make two arguments regarding the text of § 1441, and two arguments regarding policy considerations.

The first textual argument is that whereas § 1441(c) speaks of the removable claim as being 'joined' with a nonremovable claim, a third party claim is typically 'not joined with, but rather ... antagonistic to' the plaintiff's claim. *** Reasoning that 'Section 1441(c) is applicable only to claims joined *by the plaintiff*,' *** the argument concludes that only claims brought by the plaintiff against the original defendant, and not third-party claims, may be removed under that section.

The second, and somewhat weightier, textual argument is that § 1441(a) refers only to removal 'by the defendant or the defendants,' and thus, based on strict construction, removal may not be had under § 1441(a) by third-party defendants. *** This argument is somewhat aided by reference to legislative history. Thus, Judge Pollak of the Eastern District of Pennsylvania has pointed out that while the removal statute had once expressly provided that either plaintiffs or defendants could remove actions to federal court, in 1887 the statute was amended to limit the right of removal to defendants. Based on this amendment the Supreme Court *** found that where a defendant files a counterclaim against a plaintiff, the plaintiff may not remove. Thus, Judge Pollak reasoned, there is no coherent reason 'for denying the privilege of removal to a *Shamrock* plaintiff but granting it to a third-party defendant,' and 'there is no evidence that Congress ... has adopted such a theory.' *Share v. Sears, Roebuck & Co.*, 550 F.Supp. 1107, 1109 (E.D.Pa.1982).

Perhaps more important than these textual arguments, however, are the policy arguments against removal by third-party defendants. First, it is contended that it would be 'rather drastic to force the plaintiff, whose choice of forum normally should be honored, to litigate in a federal court that he did not choose and one to which his adversary originally could not have removed.' ***

More importantly, it is argued, allowing removal by third-party defendants fails to show proper 'respect for the limits of the federal judicial power.' *** As the Seventh Circuit put it:

> [N]ot only the language of section 1441(c), but also considerations of federalism, militate against removal. To allow removal of an entire suit on the basis of a third-party claim is to bring into the federal court an action the main part of which is not within that court's original jurisdiction, and is thus to enlarge federal at the expense of state jurisdiction in rather a dramatic way. ***

As noted, these various textual and policy arguments against removal by third-party defendants have commanded the support of a majority of the courts. Nonetheless, there is a substantial, and I think persuasive, counterattack by a significant minority of courts which have found removal permissible. Dealing with the textual arguments first, these courts point out that § 1441(c) in fact does not provide that only claims joined by the plaintiff may be removed. 'Construing § 1441(c) to include only claims joined by the plaintiff inserts qualifying language into the statute not placed there by Congress.' ***

Next, the proponents of removal meet head on the argument, elaborated by Judge Pollak, that the reference to 'defendants' in § 1441(a) cannot include third-party defendants. Unlike the plaintiff-counterdefendant seeking removal ***, a third-party defendant

> ha[s] never voluntarily submitted itself to the jurisdiction of the state court. It was dragged into state court by service of process the same way that any other "defendant" is brought

into court.... [It] is as much a defendant as if the case had been originally brought against it. [It] has been sued in the only meaningful sense of the word—it has been haled into court involuntarily and must defend an action for relief against it.

*Ford Motor Credit,* 563 F.Supp. at 1113 (footnotes omitted). Thus, Judge Pollak notwithstanding, there is a coherent reason for allowing third-party defendants, but not plaintiffs, to remove actions to federal court.

Turning to policy considerations, proponents of removal first point out that denying removal to protect the plaintiff's choice of forum simply overlooks the third-party defendant's equally important interest in having the federal claim against it heard in federal court. *** As these courts repeatedly point out, the presence of removal jurisdiction should not turn on the fortuity of whether a party is impleaded or sued directly. ***

Likewise, where the third-party claim is one within the federal court's subject matter jurisdiction, jurisdictional considerations would seem to militate in favor of allowing the claim to be removed. In a diversity case, removal is necessary to 'give effect to the federal policy of protecting out-of-state litigants against local prejudice in the state courts.' *** And in a federal question case, removal is necessary to afford the third-party defendant an opportunity to have the federal claim against it heard in federal court. This latter point would have particular force where the third-party claim was one within the federal courts' exclusive jurisdiction; indeed, it is difficult to understand how a policy of non-removal could accommodate such a case.

Moreover, there is no reason why the plaintiff's choice of forum and the interest in avoiding an unwarranted expansion of federal jurisdiction cannot be protected by the district court's exercise of its discretion to 'remand all matters not otherwise within its original jurisdic-

tion.' 28 U.S.C. § 1441(c). This will both insure that the plaintiff's claim is heard in its chosen forum ***, and avoid the constitutional problem of hearing a 'separate and independent' non-federal claim in federal court. *** In fact, the court in *Ford Motor Credit* reported that 'every case that we have been able to find which has permitted the removal of a third party action also remands the original claim to the state court.' ***

Having said that, however, it should be noted that remanding non-removable claims is not unproblematic, which brings us to our final point. As mentioned earlier, *see supra* at 648 n. 9, the one common ground between proponents and opponents of third-party removal is that removal should only be allowed for claims that are, in the language of § 1441(c), 'separate and independent.' Indeed, I have been unable to locate any decision which finds third-party removal proper without also holding that a third-party claim can be removed only if it is 'separate and independent' from the main cause of action. The reason for this is now apparent, for if the main cause of action and the third-party claim are interdependent, then remanding the former to state court will subject the defendant/third-party plaintiff to potentially inconsistent judgments in the state and federal courts. ***

Thus, for the foregoing reasons, I conclude that a third-party defendant may remove the claim against it to federal court, so long as that claim is 'separate and independent' from the main cause of action. In this case, therefore, I conclude that the third-party defendant, EBMC, may remove the third-party claim against it if and only if that claim is 'separate and independent' from Patient Care's main cause of action against the defendants. [755 F.Supp. at 647–50 (citations omitted in part) (footnotes omitted)].

I decline to adopt the rationale of *Patient Care*.[2]

■ There are several reasons to follow Judge Gerry's reasoning. First, as Judge Debevoise himself sets out in *Patient Care*, more than one interpretation may be given to Section 1441. If Section 1441 is to be strictly construed, and if doubt as to the propriety of removal is to be resolved in favor of remand, the interpretation against third-party removal should be adopted. Second, *Patient Care* does not address what Judge Posner, writing for the majority in the *Thomas, supra*, concluded was the apparent purpose of Section 1441(c):

> to prevent a plaintiff who sues a defendant in state court on a claim within the federal courts' original jurisdiction from attempting to defeat the defendant's right of removal by joining a claim within that jurisdiction. [740 F.2d at 482].

If Congress intended Section 1441(c) to "abridge the right of removal," *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 10, 71 S.Ct. 534, 95 L.Ed. 702 (1951), to allow a *third-party* defendant to remove would appear to frustrate congressional intent. Fourth, as the District of Hawai'i stated in *Schmidt*:

> [B]y allowing third-party removal, the original plaintiff's choice of forum is subjugated to the third-party defendant's choice of forum. There is no indication that Congress intended such a result when it drafted the removal statutes. The only way to respect the plaintiff's choice of forum and also allow third-party removal is to allow removal only of separate and independent third-party claims, and remanding all other claims to the state court. That 'solution' defeats the judicial economy which the removal statutes seek to promote by allowing removal of an entire case. [780 F.Supp. at 703–04].

There is something to be said for the concern that third-party removal "is too much akin to the tail wagging the dog." *Lewis, supra*, 926 F.2d at 733 (*quoting* (1A J. Moore & B. Ringle, *Moore's Federal Practice*, ¶ 0.167[10] (2d ed.1990))).

■ Judge Debevoise expressed particular concern that a federal question over which the district court had exclusive jurisdiction should be removable. *Patient Care, supra*, 755 F.Supp. at 649–50. Rather than allow third-party removal in that situation, the proper procedure (consistent with my analysis above), would be for the third-party defendant to move to dismiss in state court. *See Lewis, supra*, 926 F.2d at 734 n. 12. Unfortunately for third-party defendants, as the Supreme Court recognized in *Franchise Tax Board, supra*, the law governing removal "may produce awkward results." 463 U.S. at 12, 103 S.Ct. 2841.

■ Even assuming that my analysis is incorrect and that a third-party defendant may remove under Section 1441(c), is there a separate and independent claim here?

The Second and Third Counts of the Third–Party Complaint seek indemnification. In *Patient Care*, Judge Debevoise concluded that an indemnification claim cannot be "separate and independent:"

> Defendants' claim against EBMC is essentially one for indemnification for any judgment plaintiff might obtain against them. As on the question of third-party removal generally, so also on the question of whether a third-party claim for indemnification is 'separate and independent,' the courts are split. Several courts have held that no claim for indemnification is 'separate and independent' and therefore removal is always improper in such circumstances. *** In fact, some courts, addressing the precise issue raised here, have held that a beneficiary's third-party ERISA claim

**2.** *Patient Care* and *Kaye Associates* "replay" a decades-old split in this Court. In *Industrial Lithographic Co. v. Mendelsohn*, 119 F.Supp. 284 (D.N.J.1954), Judge Meaney held that a third-party could remove a separate and independent claim. The opposing position was taken by Judge Lane in *White v. Baltic Conveyor Co.*, 209 F.Supp. 716 (D.N.J.1962).

against an insurer to indemnify against a possible judgment in a suit to recover medical expenses from the beneficiary is not 'separate and independent' from the main action and therefore is not appropriate for removal. \*\*\*

Even those courts which support third-party removal agree that a claim for indemnification is not 'separate and independent' (and therefore not removable) if it is based on a claim that the third-party defendant caused the plaintiff's injuries, e.g., as where the third-party defendant is alleged to be a joint tortfeasor. \*\*\* However, the Fifth Circuit has distinguished cases where the 'third party complaint seeks indemnity based on a separate obligation owed to the defendant (such as a contractual indemnity obligation)....' \*\*\* In these circumstances, courts following the Fifth Circuit have held the third-party claim is removable because it 'arose from this separate and independent contractual obligation.' \*\*\* In support of this conclusion, courts point out that the third-party claim could have been brought as a separate cause of action for declaratory relief. \*\*\* At least one court, following this approach, has held that a third-party claim for ERISA benefits, such as in this case, is 'separate and independent' and therefore removable. *See Charter Medical Corp. v. Friese*, 732 F.Supp. 1160, 1162 (N.D.Ga.1989).

Despite the existence of some authority for this position, however, I find the distinction between the two types of indemnification claims to be untenable. In describing the 'separate and independent' language of § 1441(c) the Supreme Court held that 'where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c).' *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951). The court in *Ford Motor Credit*, for example, interpreted this to mean that where 're-

covery in the allegedly removable claim is dependent on the result in the non-removable claim, the claims are not 'separate and independent' within the meaning of § 1441(c).' 563 F.Supp. at 1111. *See also Chase v. North American Systems*, 523 F.Supp. at 382. This suggests the flaw in the convenient but artificial distinction the Fifth Circuit has drawn between indemnification as between joint tortfeasors and indemnification based on a separate contractual obligation. In either case, the right to indemnification is wholly dependent on a judgment being awarded against the defendant.

More fundamentally, to allow removal of an indemnification claim based on a contractual obligation would defeat the entire purpose of the requirement that the claim be 'separate and independent'. As explained above, this insures that the main action may be remanded to state court without subjecting the defendant/third-party plaintiff to potentially inconsistent judgments. However, that is precisely what would happen if the indemnification claim were severed and removed to federal court, because the third-party defendant would not be bound by any judgment in the state court finding the defendant/third-party plaintiff liable to the plaintiff for an indemnifiable injury.

Consequently, I \*\*\* conclude instead that any third-party claim for indemnification is not a claim 'separate and independent' from the main action, and therefore is not removable by the third-party defendant under § 1441. As a result, this action was improperly removed and must be remanded to state court. [755 F.Supp. at 650–51 (citations omitted in part) (footnotes omitted) ].

I adopt this analysis and conclude that a claim for indemnification cannot be "separate and independent."

In *Sunny Acres Skilled Nursing v. Williams*, 731 F.Supp. 1323 (N.D.Ohio

1990), a nursing home sued to collect for services rendered to a patient. The patient in turn third-partied an insurer to pay for the services under an employee health benefits plan. The insurer removed, arguing that the third-party claim has been preempted by ERISA. In remanding, the court held:

> Although the reasoning of the Seventh Circuit and the commentators denying third-party defendants appears more persuasive, this Court agrees with Judge Potter's well-reasoned opinion in *Wagner v. Burkhart,* 716 F.Supp. 304, 306 (N.D.Ohio 1989) that this issue need not be definitively resolved in light of the second issue—whether the claims meet the separate and independent test. In *University of Chicago Hosp. & Medical Center v. Rivers,* 701 F.Supp. 647 (N.D.Ill.1988), almost factually identical to the instant case, a hospital sued a patient to recover for services rendered. The patient sued the insurance company for denial of benefits under the ERISA plan. Judge Rovner held that
>
>> the ERISA claim in this case is not separate and independent from the nonremovable claims. All of the claims relate to the [hospital's] failure to receive compensation for the services it rendered to [its patient]. The [hospital] blames [the patient], who in turn blames ... the third-party defendants. Although the claims may be "separate" and involve different legal causes of action and different legal wrongs in a narrow sense, all of the claims are interrelated.
>>
>> *** the claims [here] can not be 'separate' and 'independent' because they are 'an interlocked series of transactions,' not distinct or apart. Rather, the Williams' ERISA claims for denial of benefits, analogized to common law claim for indemnification, are contingent upon the Sunny Acres claim for services rendered. If Sunny Acres claim fails,

there is little, if any need to address the claims against [third-party defendant] Metropolitan. Judge Rovner's reasoning, which is consistent with the 'independent' claim test of the Sixth Circuit, is persuasive. It provides a basis for remand. [731 F.Supp. at 1327].

As in *Sunny Acres,* so here. The Klors seek indemnification from Healthcare. Those indemnification claims are not "separate and independent" and should be remanded.

Curiously, Healthcare does not address the First Count of the Third-Party Complaint, which asserts a claim under the Consumer Fraud Act.[3] I am aware of no authority which evidences congressional intent to preempt State regulation of advertisements by insurers. Therefore, the only possible jurisdictional basis for this claim would be diversity of citizenship under 28 U.S.C. § 1332(a)(1). I need not address this issue at all, however, inasmuch as Section 1441(c) was amended in 1990 to restrict its application to federal question cases. "No longer will Section 1441(c) removal be available in cases in which the sole basis of claimed federal jurisdiction is diversity of citizenship or any federal jurisdictional statute other than Section 1331." 16 *Moore's Federal Practice,* § 107.14[6][a] (3d ed.1998). *See Patient Care, supra,* 755 F.Supp. at 647 n. 7.

### CONCLUSION

For the reasons set forth above, Healthcare, a third-party defendant, cannot remove under Section 1441. Even assuming that Healthcare could remove under Section 1441(c), no "separate and independent" claim exists. Accordingly, this civil action should be remanded to the Superior Court of New Jersey, Law Division, Monmouth County.

Pursuant to Local Civil Rule 72.1(c)(2), the parties have ten (10) days from service

---

3. Perhaps this is not surprising, since Healthcare did not address the question of third-party removal despite my admonition that it do so.

of this Report and Recommendation to file and serve objections.

Feb. 25, 1999.