## CARROLL COUNTY GENERAL HOSPITAL,

v.

## Cynthia ROSEN.

### No. Civ.A. WMN–01–2617.

United States District Court, D. Maryland.

Oct. 23, 2001.

Charles A. Jednorski, Jednorski & Tralins, P.A., Towson, MD, for plaintiff.

Lorne F. Silverstein, Law Office of Lorne F. Silverstein, P.C., Baltimore, MD, Dominick A. Garcia, Friedman Pachino and Garcia, Baltimore, MD, for defendant.

Diane V. D'Aiutolo, Tydings and Rosenberg, Baltimore, MD, Lee Bryan Rauch, Tydings and Rosenberg, Baltimore, MD, for Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc.

*MEMORANDUM*

NICKERSON, District Judge.

The underlying main complaint in this action was brought in the state district court as a simple contract action. Plaintiff Carroll County General Hospital [the Hospital] seeks a judgment against Defendant/Third–Party Plaintiff Cynthia Rosen for an unpaid hospital bill. The Hospital filed the complaint sometime in 1999. In August 2001, Rosen served Third–Party Defendant Kaiser Foundation Health Plan of the Mid–Atlantic States, Inc. [Kaiser], with a third-party complaint for indemnity and/or contribution, alleging that Kaiser wrongfully refused to pay the Hospital's bill. Kaiser then removed the action to this Court on or about August 21, 2001, on the basis that, while Rosen brought her claim as a state law contract action, the claim is "completely preempted" under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* [ERISA], and thus, gives rise to a federal claim for jurisdictional purposes.

On September 7, 2001, this Court issued an order giving Kaiser 14 days to show cause why this action should not be remanded back to the state court, observing that while some courts have allowed removal by third-party defendants, "the greater weight of authority, as well as the leading commentators, appear to agree that removal by third-party defendants generally should not be permitted." September 7, 2001 Order at 1 (citing 16 James W. Moore, *Moore's* Federal Practice Moore's Federal Practice § 107.11[1][b][iv] (Daniel R. Coquillette, *et al.* eds., 3rd

ed.1998) and 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3731 (3rd ed.1998)). The Court also cited *Galen–Med, Inc. v. Owens,* 41 F.Supp.2d 611 (W.D.Va.1999), as an example of a decision from one of our sister courts holding that removal was improper under circumstances nearly identical to those presented here.

In responding to the show cause order, Kaiser relies most heavily on a decision from the Fifth Circuit, *Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury,* 622 F.2d 133 (5th Cir.1980), and a somewhat dated decision from this Court, *Soper v. Kahn,* 568 F.Supp. 398 (D.Md. 1983). These decisions both stand for the general proposition that third-party defendants are allowed to remove a case under 28 U.S.C. § 1441(c) where the claims in the third party complaint are "separate and independent" from the main claims.[1] In addition, Kaiser points to the importance of a federal court deciding issues under ERISA as further justification to allow removal in this specific instance.

■■■ After reviewing decisions from both sides of what has been described as a "field luxuriating in a riotous uncertainty," *Harper v. Sonnabend,* 182 F.Supp. 594, 595 (S.D.N.Y.1960), the Court remains convinced that this action should be remanded. Perhaps the most comprehensive decision setting out the relative merits of both sides of this riotous uncertainty is *Monmouth–Ocean Collection Service, Inc. v. Klor,* 46 F.Supp.2d 385 (D.N.J.1999). In *Klor,* just as in the instant action, the main complaint involved claims for unpaid medical bills and the third-party complaint was a claim for indemnification brought against an insurer. Relying on the legislative history of § 1441(c), as well as on the well-established maxim that removal statutes are to be strictly construed, the court concluded that it would adopt the interpretation against third-party removal. *Id.* at 388–392 (relying, in part, on the reasoning of *Kaye Assoc. v. Board of Chosen Freeholders,* 757 F.Supp. 486 (D.N.J.1991)). As an alternative ground supporting remand, the *Klor* court also noted that, even assuming that its determination is incorrect that third parties cannot remove under § 1441(c), the indemnification claims were not "separate and independent." Therefore, third-party claims for indemnification are not removable, regardless. *See also, University of Chicago Hospital & Medical Center v. Rivers,* 701 F.Supp. 647 (N.D.Ill.1988) (finding third-party claims brought by patient against insurer for denial of benefits under ERISA plan in action to collect medical bills not "separate and independent," and thus, action not removable); *Sunny Acres Skilled Nursing v. Williams,* 731 F.Supp. 1323 (N.D.Ohio 1990) (same).

This Court can add little to the arguments so cogently presented in *Klor* and, therefore, will simply adopt that court's reasoning as its own.

■■■ Beyond those arguments set out in *Klor,* however, an additional argument against allowing removal by third-party defendants is illustrated by the procedural history of this action. In *Johnston v. St. Paul Fire and Marine Ins. Co.,* 134 F.Supp.2d 879, 880–81 (E.D.Mich.2001), the court observed,

---

1. Section 1441 provides in pertinent part,
   "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-

   removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates."

the strict 30–day time limit for removal ... presumably reflects congressional concern that, as a matter of judicial economy, a case should not be permitted to proceed too far in state court before being removed to federal court. Removal by a third-party defendant, however, would upset this balance by creating an open-ended window of opportunity for removal, triggered by the indefinite and uncertain date upon which a third-party complaint might be filed.

Here, the main complaint was pending in the state court for over a year and a half before it was removed to this Court.[2]

For all these reasons, this entire action will be remanded to the District Court for Baltimore County. A separate order will issue.

---

**2.** In addition, the Court notes that Kaiser's concern that a federal court address any substantive issues arising under ERISA may be rendered moot. Kaiser has filed a motion arguing that the third-party complaint must be dismissed for insufficiency of process. The resolution of this motion, which Kaiser contends will completely resolve the claims against it, turns on the application of Maryland state law and rules of civil procedure.